# Briggs *versus* Erie County.

1. A county is not liable to an official stenographer appointed by virtue of the provisions of the act of May 8th 1876 (Pamph. L. 140), for transcripts of his notes furnished by him, unless said transcripts be made by order of court or to be filed in performance of the stenographer's general duty.

2. A county is not liable to such stenographer for a transcript furnished by him at the request of counsel, although the same be filed in the cause and constitute part of the record thereof.

October 17th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Erie County:* Of October and November Term 1881, No. 138.

Amicable action of assumpsit between Ira E. Briggs, plaintiff, and the County of Erie, defendant, with the same effect as if upon appeal from the judgment of an alderman in favor of the plaintiff for $20, being the amount of fees due him as official stenographer for a transcript of the notes of testimony in a certain cause pending in said court.

The following facts were agreed upon in a case stated, which was submitted for the opinion of the court.

On May 4th 1880, the plaintiff was appointed official stenographer for the sixth judicial district of Pennsylvania, under the provisions of the Act of May 8th 1876, Pamph. L. 140, section 4 of which is as follows :—

" It shall be the duty of said stenographer to furnish a copy of his notes of testimony, written out in long hand, upon the order of the court or the request of counsel in the cause, during the progress of a trial or at any subsequent time; also, within a reasonable time after trial to transcribe all notes not previously transcribed by order of the court, which transcripts shall be filed and made a part of the records of the case: *Provided,* that the stenographer may be excused in the discretion of the court with the consent of counsel, from the aforesaid duty of transcribing notes and furnishing transcripts, in which case it shall be said stenographer's duty to preserve the notes taken by him for future reference or transcription if desired. The transcripts thus made shall be furnished at a compensation not exceeding fifteen cents for each one hundred words; such compensation to be paid by the county in which the notes are taken when the the transcript is ordered by the court or when made for the purpose of being filed, and by the counsel in the respective cases, when ordered by them."

[Briggs *v.* Erie County.]

On May 17th 1880, the case of Elsey et al. *v.* McDaniel, No. 177, Nov. Term, 1877, Common Pleas of Erie county, was tried before a jury and the plaintiff took stenographic notes of the testimony. He afterwards made a transcript of the stenographic notes which transcript was filed in the case on August 6th 1880 and is a part of the record in the case. The transcript was made and filed at the request of *Curtis & Norton*, who were the attorneys of Elsey et al., the plaintiffs in the case.

The plaintiff here now seeks to recover from the defendant the pay for the transcript of the notes made and filed, as above stated.

If the court be of opinion that the county is liable they shall enter judgment for the plaintiff for $20.00 with costs. If they be of opinion that the county is not liable they shall enter judgment against the plaintiff for costs. Either party may take a writ of error.

The court entered judgment against the plaintiff for costs, GALBRAITH, P. J., filing the following opinion :—" This case requires a construction of the fourth section of the Act of May 8th 1876, by which the compensation and manner of payment of court stenographers are fixed and regulated. (His honor here quoted the section.)

"The obvious meaning of the legislature in the last clause of this section would seem to be that the county should only be obliged to pay for transcripts ordered by the court, as when required for the court's own use, not when they are ordered by counsel. It might impose an intolerable burden upon the county and open a door for abuse, were this section to be so construed as to permit the counsel in a cause, at his own option, to require transcripts to be made out at the expense of the county. It would be to impose upon the county a part of the expense of litigation in each cause tried, or at least in all causes taken to the Supreme Court, that ought to be borne by the parties as a part of the legitimate personal expenses of a suit, as much so as counsel fees. It could not have been intended by the framers of the law, that the construction should be put upon it claimed by counsel for plaintiff.

"In this case it appears that the transcript was filed at the request of the attorneys for plaintiff in the cause referred to, and not ordered by the court. We are therefore of the opinion that the county is not liable, and judgment is accordingly entered against the plaintiff for costs."

The plaintiff took this writ of error, assigning for error the entry of judgment against the plaintiff for costs on the case stated.

*L. S. Norton* (*C. D. Curtis* with him), for the plaintiff in

[Briggs *v.* Erie County.]

error.—The Act makes it the duty of the stenographer " to furnish a copy of his notes of testimony written out in long hand, upon the order of the court or the request of counsel in the cause, during the progress of a trial, or at any subsequent time." But the section further provides that it shall be the duty of the stenographer " Also within a reasonable time after trial, to transcribe all notes not previously transcribed by order of the court, which transcript shall be filed and made a part of the records of the case," and the only way the stenographer can be excused from said duty is " in the discretion of the court, with the consent of counsel." The court alone has not the power to excuse him. The counsel must consent, or else the transcripts must be made and filed in all cases.

The case of Elsey *v.* McDaniel, in which the notes were taken, was to be carried to the Supreme Court. It was tried on the 17th of May, and the stenographer not having filed the transcript with the records of the case as the law made it his duty to do, he was requested by the attorneys for the plaintiffs in that case to make and file it, which was done on the 6th of August, and as set forth in the case stated, the transcript " is a part of the record in the case." The counsel did not order the copy for themselves or for their clients. They simply requested the stenographer to do what the law required him to do, viz.: to make and file the transcript. It was not private property but was part of the public record, and was used by the attorneys of both sides in preparing the case of Elsey *v.* McDaniel, for the Supreme Court.

It is provided by section 4 that the county shall pay for all transcripts " when made for the purpose of being filed." Such is the present case. Nor is there any oppression or hardship upon the county, as seems to be imagined by the court below. The object of employing a stenographer is to save time and thereby save large expense to the county. So it is not burdensome upon the county to call upon it to pay the expense of the transcripts; but whether burdensome or not, it is sufficient to say the law says it must be done.

The stenographer's fees are part of the costs of the case; and since the Act of June 8th 1881 (Pamph. L. 80), which requires security to be entered by the party purchasing a writ of error " for the payment of all costs that have accrued in the cause or shall accrue," the losing party will finally pay the stenographer's fees, the county only advancing the amount temporarily.

*D. B. McCreary* (with whom was *Frank Gunnison*), for the defendant in error.—The fourth section of the Act in question is not free from obscurity, but whatever want of clearness

may exist in the first part, in reference to the filing of transcripts, there is certainly no want of clearness in the proviso as to who is to pay for them. The meaning of the section is that where counsel order transcripts without consulting the court, and obtaining its sanction to have the transcript made and filed, the counsel ordering the transcript shall pay for it. Certainly, the Act does not repose unlimited discretion in the counsel on both sides of the case to order transcripts of voluminous notes, which may prove unnecessary and useless, at the expense of the county treasury.

Mr. Justice ·MERCUR delivered the opinion of the court November 14th 1881.

The Act of 8th May 1876, Pur. Dig. 2054, authorizes the judges of the several courts of the Commonwealth to appoint a stenographer who shall be paid $10 for each day spent by him in taking notes in court, and be paid by the county or counties forming the judicial district. Section 4 imposes additional duties and declares by whom such services shall be paid. He is required " to furnish a copy of his notes of testimony written out in long hand upon the order of the court or the request of counsel in the cause, during the progress of the trial or at any subsequent time ; also within a reasonable time after trial to transcribe all notes, not previously transcribed by order of the court, which transcripts shall be filed and made a part of the records of the case." Provided in the discretion of the court with the consent of counsel, he may be excused from transcribing notes and furnishing transcripts; but then he shall preserve the notes for future reference or transcripts if desired. The section proceeds, the transcripts thus made shall be furnished at a compensation specified, " to be paid by the county in which the notes are taken, when the transcript is ordered by the court, or when made for the purpose of being filed; and by the counsel in the respective cases, when ordered by them."

Thus the county is liable to the stenographer only when the transcript is ordered by the court or when made to be filed, in performance of his general duty. During the progress of the trial " or at any subsequent time," counsel in the case may require the evidence to be written out at length ; but whenever so required by counsel, the compensation therefor shall be paid by the counsel ordering the same. The Act contains no language imposing a liability on the county to pay, when the transcript is ordered by counsel, whether it be during, or after, the trial. The language imposing the liability to pay on the counsel ordering it, is the same in each case. Making a copy for counsel during trial, will not dispense with the obligation of the stenographer to make another to file after trial. He is only ex-

cused from making one to file that he has previously transcribed " by order of court." The counsel has a right to procure a transcript for his own use. The court to require it, as a part of the record.

The stenographer is paid out of the public treasury for all his services in attending court, and taking stenographic notes. The liability of the county for further compensation to the stenographer, cannot be enlarged by any action of counsel in the case. Nothing in the Act authorizes counsel in the case to assume any of the powers given to the court, and thereby impose costs on the county.

The case stated shows that after the trial of a certain cause, in the Common Pleas of Erie county, at the request of the attorneys of the plaintiffs therein, the stenographer made and filed a transcript of his stenographic notes. By reason thereof he seeks in this action to recover his compensation therefor from the county of Erie. The learned judge correctly held the county was not liable for a transcript furnished at the request of counsel, although it was filed of record in the case.

Judgment affirmed.