603 A.2d 1011

**Harold F. STREIDL and Marion Streidl, h/w, Appellants,**

v.

**COMMUNITY GENERAL HOSPITAL, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1990.

Decided Feb. 21, 1992.

Reargument Denied April 2, 1992.

Jack E. Feinberg, Edward F. Silva, Philadelphia, for appellants.

Christopher W. Mattson, Thomas D. Dell, Lancaster, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION IN SUPPORT OF AFFIRMANCE

FLAHERTY, Justice.

The issue in this case is whether Superior Court erred in affirming the trial court's dismissal of a medical malpractice suit against a hospital where the trial court, pursuant to local rule, dismissed the suit because there had been no action on the docket for more than two years. For the reasons that follow, we affirm.

On February 4, 1983 Harold and Marion Streidl brought an action against Community General Hospital claiming that the hospital negligently exposed Mr. Streidl to a highly contagious disease. No action appeared on the docket after January 10, 1985, and on July 13, 1987, the prothonotary of Berks County, pursuant to local rule, issued a notice to the Streidls that their suit would be terminated due to inactivi-

ty.[1]  Streidls petitioned contra-termination, and after oral argument, the trial court concluded that there was no appropriate explanation for the two and a half year delay in the case and dismissed the case for lack of action.

The reason given for the delay was that plaintiffs were waiting for an expert's report.  As noted by the trial court, plaintiffs offered no explanation for this delay beyond the bald assertion that it occurred, and they offered no account of their efforts to secure the report.  Moreover, as the trial court stated: "plaintiffs have the unshifting obligation to insure their own witness' cooperation, or failing that, to find someone who is less obdurate and more forthcoming."  Slip Op. at 6.

■  Streidls appealed to Superior Court, claiming that it was error to dismiss their action without a showing of prejudice.  Superior Court affirmed, holding that under the local rule, which was promulgated pursuant to Pa.R.J.A. 1901, the delaying party could defeat the termination of his suit upon a showing of good cause for the inactivity prior to termination of the case, and that there is no requirement that the non-delaying party demonstrate that it has been prejudiced by the delay.[2]

1.  Berks County Rule 570 provides in pertinent part:
   (a) All civil and criminal cases, other than support and eminent domain proceedings, which remain open on the dockets of the prothonotary or clerk of courts, and in which there is reflected no activity for a period of at least two (2) years prior thereto, shall be listed by the prothonotary or clerk of courts for the next available civil and criminal argument courts, respectively, after notice of termination is given as provided below.  Such officer shall give notice of the listing of said case in civil cases to counsel of record and to parties without counsel, as provided by Pa.R.J.A. 1901(c)(1)....
   (b) Termination of a case, under this Rule, shall bar any further action thereon except by order of the court only after written petition on proper cause shown.

2.  Superior Court also indicated that if the non-delaying party (not the prothonotary) had petitioned for termination of the case for inactivity on the docket, Streidls' assertion that prejudice is required would be correct.  We disagree.  It does not matter whether the prothonotary notifies the parties of its intent to terminate the case, or whether the non-delaying party petitions for dismissal; the same standards apply.

■ This case is governed by the companion case, *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), also filed this date. There we held that in order for a court to dismiss an action for lack of activity on the docket, it must be shown that (1) a party has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party, which will be presumed in all cases in which the delay is two years or longer. In cases where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was delayed awaiting significant developments in the law, there will be a per se determination that a compelling reason for the delay has occurred. Other compelling reasons may be determined on a case-by-case basis.

■ The first two elements of the *Penn Piping* test have been met (lack of due diligence in failing to proceed with reasonable promptitude and no compelling reason for the delay). Furthermore, the delay exceeded two years; and the reason for the delay does not implicate the compelling reasons set out above. Since all of the requirements of dismissal for inactivity on the docket have been met, the trial court did not abuse its discretion in dismissing the action.

McDERMOTT, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files Opinion in Support of Reversal which is joined by LARSEN and CAPPY, JJ.

### OPINION IN SUPPORT OF REVERSAL

ZAPPALA, Justice.

As stated in my Dissenting Opinion in *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), I do not agree with the decision to establish a per se rule presuming prejudice where "delay"

is two years or longer (with certain exceptions recognized as compelling reasons per se for keeping a case open). My concerns are magnified in cases such as this, where the matter comes before the court not on the defendant's motion but by administrative action of the prothonotary acting under a local rule adopted pursuant to Rule of Judicial Administration 1901.

Not long ago, "[t]he granting of a non pros. [was] founded on the equitable principle of laches...." *James Brothers Lumber Co. v. Union Banking and Trust Co.*, 432 Pa. 129, 132–33, 247 A.2d 587, 590 (1968). As we said,

> [a] Court may properly enter a judgment of non pros. *when a party to the proceeding has shown* a want of due diligence in failing to proceed with reasonable promptitude, *and* there has been no compelling reason for the delay, *and* the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

*Id.*, 432 Pa. at 132, 247 A.2d at 589 (emphasis added). Now, however, matters showing no docket activity for two years may [1] be listed for termination by the prothonotary, with

1. It is disturbing to note that the Rule does not provide for uniform procedures throughout the Commonwealth. Thus a case in one county may be listed for termination and notice given by publication in the legal newspaper, a case in the same posture in another county may be listed for termination with notice given by mail, and a third similarly situated case in yet another county may not be listed for termination at all, depending entirely on whether a local rule has been promulgated and in what form.

Nor is it clear that the same standards will be applied from county to county in determining whether good cause has been shown, especially in the near future. The appellants, for example, assert that practice under existing local rules is so disparate that in some counties when a case is listed for termination the plaintiff need do no more than submit a verified statement that the case is still active, whereas in others, like Berks County, the plaintiff must appear at a hearing and offer an acceptable reason to the court.

Further complicating the matter is the fact that a case may be active but have no need of reflecting the activity on the docket, for example proceeding through discovery, yet the plaintiff may be "automatically" put to the burden of rebutting the presumed prejudice.

notice given only by publication in a legal newspaper[2], and if the plaintiff objects to the proposed termination he or she must carry the burden of rebutting the presumption that the defendant has been prejudiced by delay. It seems to me that in balancing the equities, the Court has placed its thumb on the defendant's side of the scales.

Rule of Judicial Administration 1901 provides, in part

**(a) General Policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

**(b) Primary Responsibility for Implementation of Policy.**

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and the community court or district justices of the peace of the judicial district.

. . . .

**(c) Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail . . .; *or*

(2) By publication . . . where notice by mail cannot be given or has been returned undelivered *or where the docket of the matter shows no evidence of activity during the previous two years.* (Emphasis added).

While the majority apparently foresees impressive gains in the number of cases "disposed of", I see a likelihood of increased litigation over "automatic" terminations.

**2.** Rule of Judicial Administration 1901(c)(2).

The appellants do not argue that Berks County Rule 570 fails to conform to Rule 1901. They argue that the court applied an improper standard in deciding whether to terminate the action.

The common pleas court, citing the note to Rule 1901, treated the decision as a matter committed to the court's discretion, and considered its discretion to be guided by three elements: "(1) The petition must be timely filed. (2) The reason for the failure reasonably explained or excused, and (3) The facts constituting grounds for a cause of action must be adequately averred," Slip opinion at 4–5, citing *Buxbaum v. Peguero*, 335 Pa.Super. 289, 292, 484 A.2d 137, 139 (1984); *Chaplynsky v. Broad Street Hospital*, 305 Pa.Super. 497, 501, 451 A.2d 757, 759 (1982); *Faulks v. Papo Bar, Inc.*, 280 Pa.Super. 454, 456, 421 A.2d 810, 811 (1980). Finding the first and third elements obviously met, the court limited its inquiry to whether the plaintiffs had offered a reasonable explanation or excuse for the inactivity, and found the explanation lacking.

The appellants correctly note that the elements used by the court in guiding its discretion are derived from cases where an order of non pros. had been entered and the plaintiffs had petitioned for reinstatement or to open judgment. They submit, however, that a different standard should be applied when the decision for the court is whether the non pros. should be entered. In such cases, the appellants argue, there must be a showing of prejudice to the defendant to justify dismissal. I agree.

Rule of Judicial Administration 1901 was adopted to promote the policy of "bring[ing] each pending matter to a final conclusion as promptly as possible". Although the course of the litigation remains the responsibility of the parties, the Rule authorizes the establishment of an administrative mechanism for bringing *apparently* inactive matters before the court for proposed termination on the court's own motion. As stated in the note accompanying the Rule, "[w]here a party objects to the termination of an inactive matter, it is intended that the court exercise its

judicial discretion." It was not intended that Rule 1901, or the local rules adopted pursuant to it, would alter the standards for the proper exercise of the court's discretion when a party objects to a proposed termination.

Rule 1901 plainly requires that the parties be given notice and an opportunity for hearing prior to termination of a matter for inactivity. The Note accompanying Rule 1901 includes a suggested form of local rule, which contains the following provision: "If no good cause for continuing a matter is shown ... an order shall be entered forthwith by the court for dismissal." The appellants suggest, and I agree, that the standard of "good cause for continuing a matter" should be less stringent than the good cause needed for reinstatement of a matter where judgment has been entered. It would seem something of an anomaly to apply the same standard at a hearing to decide whether to terminate a case as would be applied in assessing a petition to open judgment where no hearing was held prior to termination. If the standards are the same, the notice and pre-termination hearing serve no purpose.

In the present case, the defendant made no claim of prejudice and the court required none. Although the appellants' asserted excuse for the inactivity may have been "less than inspiring", absent any indication of harm to the defendant the balance of equities ought to have been weighed, however slightly, against termination of the case by non pros. and in favor of allowing it to proceed to resolution on the merits.

For the foregoing reasons, I would reverse the orders of the courts below.

LARSEN and CAPPY, JJ., join in this opinion.