**Schwenk v. Sloan**

*Reid R. Coppock,* for plaintiff.
*Robert J. Kerns,* for defendant Eugene C. Sloan.
*Janet W. Mason,* for defendant Carmen Fasulo.

DAVENPORT, *S.J.,* June 26, 1992—This appeal has been made from the court's order of March 23, 1992, denying appellants' petition to strike the order to discontinue, settle and end (the agreement) between appellant Schwenk and appellee Sloan. Appellant Schwenk was plaintiff in a suit against both appellee Sloan and co-appellant Fasulo before reaching an agreement to settle with appellee Sloan only. The appellants' concise statement asserts that because Schwenk and Sloan failed to obtain court approval of their agreement, the agreement is in violation of Pa.R.C.P. 229, and "must be declared void." *See concise statement.* However, a reading of Pa.R.C.P. 229, and of appellants' memo in support of striking the discontinuance imply that the court may, but it is not compelled to, strike a discontinuance not entered through the court. After reviewing the relevant circumstances of this matter, the court properly dismissed the appellants' petition to strike, and the court's order of March 23, 1992, should be upheld.

## FACTS

In April 1976, appellant Jean Schwenk engaged the dental services of appellee Dr. Eugene C. Sloan, D.D.S., (now deceased) who diagnosed Schwenk as having an abscessed tooth and being in need of root canal therapy, dental implants, crowns and various other dental procedures. In 1978, while still under the care of Dr. Sloan, Schwenk also engaged the oral surgical services of Dr.

Carmen Fasulo, D.D.S., who performed several surgical procedures on Schwenk between 1978 and 1981.

In November 1981, Schwenk consulted yet another dentist who discovered that Schwenk had other abscessed teeth, and that her implants done by Sloan and Fasulo were not satisfactory and would have to be removed. This would require Schwenk to undergo major reconstructive and remedial dental care at a cost of over $10,000. Schwenk brought suit against both Sloan and Fasulo claiming that they had both performed their services in a negligent manner, and that both were grossly negligent.

In July 1986, Schwenk entered into an agreement to settle, discontinue and end as to defendant Sloan only for $25,000. The agreement was not entered by an order of the court as apparently the order was taken directly to the prothonotary. Because of the failure to obtain leave of the court to enter the agreement, the appellants, Schwenk and Fasulo, claim that the agreement is legally void, and consequently move to strike the agreement.

This appeal requires the court to consider first whether the failure of the court to issue an order recognizing the agreement between Schwenk and Sloan renders the agreement fatally flawed under Pa.R.C.P. 229. Secondly, assuming that the agreement is not fatally defective, the court must determine which if either appellant can establish sufficient prejudice whereby equity would require the court to strike the agreement.

## DISCUSSION

The appellant's primary argument places form above substance and asserts that the agreement between Schwenk and Sloan is procedurally flawed in that the court did not issue an order and that therefore the agreement "must be declared void." The appellants, however, have failed

to provide adequate support for the assertion that the agreement "must be declared void."

Indeed, the appellants own memo in support of the petition to strike (filed May 22, 1991) states that "Where the court has not ordered the discontinuance, it *may* be stricken or held void *if circumstances warrant.*" (Citing *Matyas v. Albert Einstein Medical Center,* 225 Pa. Super. 230, 310 A.2d 301 (1973); *Wineburg v. Hess,* 35 D.&C.2d 187 (1965).) Furthermore, the note to text of Rule 229 states that:

"Court approval of a discontinuance *must* be obtained in any action in which a minor is a party. Rule 2039(a), an action for wrongful death in which a minor is beneficently interested. Rule 2206(a), an action in which an incompetent is a party. Rule 2064, and class actions, Rule 2230(b) [rescinded]."

By specifically distinguishing circumstances whereby the parties must obtain court approval to secure a valid agreement, the Legislature implies that otherwise court approval *must not* necessarily be obtained. Thus, unless the specific circumstances described in the note of Rule 229 are present, the absence of a court order recognizing the agreement is not fatal to the agreement. Rather, the court seeks only to give effect to the purpose and intent of the rule.

The requisites for a valid discontinuance under Rule 229 were designed to protect not the parties to an agreement, but those not a party to the agreement. *Ammlung v. Platt,* 224 Pa. Super. 47, 51, 302 A.2d 491 (1973). Thus, the primary issues regarding the validity of the agreement, and consequently the March 23, 1992, order, are whether Dr. Fasulo, the non-settling party, had notice of the agreement between Sloan and Schwenk. If Fasulo was made aware of the agreement, and was thereby pro-

vided an opportunity to contest the agreement, the purpose of Rule 229 appears satisfied. Regardless of whether Fasulo was placed on notice of the agreement, however, Schwenk, who voluntarily agreed to the settlement offer under no apparent duress, may not be heard pleading technical defenses to her own agreement.

A petition to strike a discontinuance or a settlement agreement under Rule 229 must be considered an appeal to the equitable side of the court. Under Rule 229, Fasulo's motion to strike may be granted only if he demonstrates that he would be prejudiced by denying his motion.

"[T]he court *may* strike off a discontinuance in order to protect the rights of any party from *unreasonable* inconvenience, vexation, harassment, expense or *prejudice.*"

The appellants' concise statement claims that failure to dismiss the agreement will prejudice the appellants.

Due to the present state of the law, see *Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1987), the agreement which appellants wish to strike cannot result in prejudice to either appellant. Prior to *Giant Eagle,* a non-settling tortfeasor was relieved of responsibility for payment of his proportionate share of damages to the extent that the consideration paid by the settling tortfeasor for the release exceeds the settling tortfeasors proportionate share of damages as determined by the jury. *Giant Eagle,* however, reversed this rule and requires the non-settling tortfeasor to pay his full pro rata share as determined by the jury.

Chief Justice Nix's opinion states that promoting the settlement of claims is the overriding public concern, and that the existing state of the law prior to *Giant Eagle* could unjustly provide the non-settling defendant with

a windfall. *Giant Eagle* at 477-78, 522 A.2d at 3. Although the court recognized that permitting the plaintiff to retain the settlement excess could result in a plaintiff obtaining more than the jury verdict, it pointed out that a jury verdict does not necessarily serve as a cap on total recovery, nor does it necessarily represent a more accurate value assessment of a claim, than a settlement agreement between the parties. *Giant Eagle* at 478, 522 A.2d at 3.

In light of *Giant Eagle*, appellants Fasulo and Schwenk cannot establish that the agreement between Schwenk and Sloan prejudices their respective cases. Schwenk will receive from Fasulo exactly what the jury establishes as Fasulo's proportionate share of liability based on fault, while Fasulo's fault will be determined without regard to the existing agreement between Sloan and Schwenk. Therefore, unless the court is to assume that the jury will not follow instructions regarding the law, the agreement is not prejudicial.

Finally, as noted in the court's order of March 23, 1992, the appellants are guilty of laches under Pennsylvania Law. The Pennsylvania Supreme Court recently held that where there is no docket activity for over two years, there is a presumption of prejudice against the non-moving party (Sloan). *Streidl v. Community General Hospital,* 529 Pa. 360, 363, 603 A.2d 1011, 1012 (1992), (citing *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 356, 603 A.2d 1006, 1009 (1992)). The docket regarding this matter shows no activity for over two years (July 20, 1987, to March 15, 1990). As the moving party, Fasulo failed to diligently pursue his petition, and therefore a presumption exists in favor of Sloan.

As stated previously, Fasulo's petition to strike an agreement under Pa.R.C.P. 229 is an appeal to the equitable

side of the court, and thus, the familiar equity maxim "he who comes into a court of equity must come with clean hands" applies to this matter. The "clean hands doctrine" applied where the relevant behavior directly affects the relationship between the parties and is directly related to the matter in controversy. *In re Estate of Pedrick*, 505 Pa. 530, 545, 482 A.2d 215, 223 (1984). Fasulo's presumptively prejudicial behavior is certainly relevant to his claim of prejudice against Sloan. Therefore the "clean hands doctrine applies," and Fasulo is not eligible to receive the equitable relief which he requests.

## SUMMARY

As mentioned earlier, Rule 229 is in place for the protection of those not a party to agreements, and therefore it requires that the non-settling party be made aware of any agreements. *Ammlung v. Platt, supra.* Once on notice, the non-settling party is entitled to contest the agreement as long as it does so diligently. *Penn Piping Inc., supra.* In order to successfully contest the agreement, the non-settling party must establish that the agreement prejudiced their position. See Pa.R.C.P. 229. Finally, because the petition to strike an agreement under Pa.R.C.P. 229 is an appeal to the equitable side of the court, the moving party must be found not to have engaged in any behavior which may have prejudiced the adverse party. See *In re Pedrick, supra.*

Thus, Schwenk has no standing under Rule 229 to contest her own agreement. Fasulo, who was entitled to contest the agreement under Rule 229 failed to diligently pursue his petition to strike. Finally, the Supreme Court's decision in *Great Eagle* minimizes the prejudicial effects on non-settling parties of settlement agreements. This protection along with Fasulo's presumptively prejudicial behavior in failing to pursue the petition for over two

years (see *Penn Piping Inc.*) combines to prevent the court from finding sufficient prejudice against Fasulo to grant the petition to strike. Consequently, the court's order of March 23, 1992, should be upheld.