**Hess v. PennDOT**

*Philip v. Mattes,* for plaintiff.
*William A. Slotter,* for defendant.

O'BRIEN, *J.,* January 7, 1993—On April 1, 1986, plaintiff, Caroline Hess, administratrix of the estate of Guy Keith Kitchen, initiated this action by filing a writ of summons. The plaintiff filed a complaint on June 11, 1987, seeking monetary damages from PennDOT, a consulting engineering firm, and Mount Airy Lodge Inc.,

in whose vehicle deceased was riding on June 14, 1985 when an accident resulted in his death.[*] On August 25, 1992, upon PennDOT's petition, this court issued a rule to show cause upon the plaintiff why a judgment of non pros should not be entered for lack of prosecution. Following an answer being filed to the rule, submission of briefs and oral argument, defendant's petition is now before this court for disposition.

It is well settled that "As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence.... There is no greater reflection upon the administration of justice than the permission of endless litigation...." *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 356, 603 A.2d 1006, 1009 (1992) (citing *Potter Title & Trust Co. v. Frank,* 298 Pa. 137, 148 A. 50 (1929)). In an effort to achieve this objective, our Supreme Court in *Penn Piping* enunciated a three-part test to be applied when a trial court is considering whether to enter a judgment of non pros. The test first requires that it be shown that there has been a lack of due diligence in proceeding to trial with reasonable promptness. Secondly, there must not have been a compelling reason for the delay. Lastly, the delay must have caused some prejudice to the defendant, which is presumed if the delay has been for two years or more.

It is plaintiff's responsibility to exercise due diligence in moving the case to trial. Plaintiff has failed to meet this responsibility. In the case at bar, the docket reflects no activity from September 2, 1988 until August 25, 1992, when PennDOT filed its petition for non pros. In fact all steps taken by the plaintiff on the docket prior to September 2, 1988 were taken only after being compelled to do so by the defendants. For example, plaintiff's com-

---

[*] All defendants except PennDOT were granted summary judgment by a judge of this court on April 4, 1988.

plaint was not filed until more than a year after the summons was issued after being ruled to do so by the defendants, and obtaining the right for pre-complaint discovery. Further, the discovery exchange between the parties was accomplished only after a motion to compel was filed by the defendant. Plaintiff's answer to the rule to show cause fails to provide any evidence of due diligence or any reasonable explanation for the delay. Further, the answer to the petition fails to contain any information to rebut the presumption that inactivity for two years is prejudicial to the defendant.

It is noteworthy that in her brief and at argument, the plaintiff concedes that she does not have any additional witnesses or information available to prosecute her case other than that which was available prior to September 2, 1988. If this case were allowed to proceed to trial, the trial would be taking place at least eight years following the accident giving rise to the alleged cause of action. Such a delay is clearly prejudicial to the defendant, particularly since the period of inactivity of the docket is approximately four years. Therefore, we conclude that the plaintiff has not acted with due diligence in proceeding to trial, that there has been no compelling reason for this inordinate delay and the delay is prejudicial to the defendant requiring entry of a non pros. *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992).

## ORDER

And now, January 7, 1993, the rule heretofore issued is made absolute and the petition of the Commonwealth of Pennsylvania, Department of Transportation for a non pros is granted.