646 A.2d 705

**ROCKWOOD INSURANCE COMPANY,**
a corporation, Appellant,

v.

**MOTOR COILS MANUFACTURING CO.**, a corporation,
also known as Motor Coils Mfg. Co.

Commonwealth Court of Pennsylvania.

Argued June 10, 1994.

Decided Aug. 8, 1994.

David K. McMullin, for appellant.

Ann Bailey, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Rockwood Insurance Company (Rockwood) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) denying Rockwood's petition for relief from a judgment of non pros granted to Motor Coils Manufacturing Co. (Motor Coils). Motor Coils responded and also filed a Motion to Quash Appeal.

On February 22, 1989, Rockwood filed a complaint against Motor Coils to collect additional premiums in connection with a workmen's compensation policy. Motor Coils filed an Answer and New Matter on April 18, 1989, and Rockwood filed a reply to the New Matter on May 8, 1989. No further activity of record occurred until June 15, 1993, more than four years after the last pleading, when Rockwood filed a paper entitled "Plaintiff's Intention to Undertake Discovery." Shortly thereafter, on July 8, 1993, Motor Coils served Rock-

wood with a Motion for Judgment of Non Pros.[1] On July 23, 1993, the trial court entered a rule to show cause why the lawsuit should not be dismissed for lack of prosecution. In its Answer and New Matter, Rockwood responded that the events leading up to and surrounding its liquidation excused its failure to prosecute. These events included the resignation of both Rockwood's Chief Financial Officer and its President and Chief Executive Officer in June of 1989, Rockwood's preparation and filing of a Petition and Plan of Rehabilitation, the appointment of a special rehabilitator and Rockwood's loss of all employees in 1990, the court-ordered liquidation of Rockwood in August of 1991 and appointment of the Insurance Commissioner as liquidator and, finally, in October of 1991, a suit filed by the Insurance Commissioner against the officers and directors of Rockwood charging them with fraud, civil conspiracy, breach of fiduciary duty and breach of contract.[2] Rockwood also offered the deposition of its counsel. The trial court granted the Judgment of Non Pros and, by order dated January 28, 1994, denied Rockwood's Petition for Relief from that judgment. Rockwood appealed, and Motor Coils moved to quash Rockwood's appeal.

On appeal, we first address Motor Coils' Motion to Quash Appeal. Motor Coils' argues that Rockwood did not have standing to pursue its case against Motor Coils once Rockwood was liquidated and, therefore, that Rockwood does not have standing to appeal the Judgment of Non Pros. In support of this position, Motor Coils cites section 526 of The Insurance Department Act of one thousand nine hundred and twenty-one, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 221.26 (Act), which precludes continuance of an insur-

1. Non pros is an abbreviation of non prosequitur. If a plaintiff in an action fails to take necessary steps "within the time prescribed by the practice of the court for that purpose, the defendant may enter judgment of *non pros.* against him, whereby it is adjudged that the plaintiff does not follow up (non prosequitur) his suit as he ought to do, and therefore the defendant ought to have judgment against him." *Black's Law Dictionary* 953 (Fifth ed. 1979).

2. In addition, Rockwood alleges that the bankruptcy of Rockwood's forwarding agent, Kemble & Mills of Pittsburgh, Inc., contributed to the delay.

ance company's existing actions after the Insurance Commissioner has been appointed as liquidator of the insurance company. Motor Coils also contends that because the Insurance Commissioner, as liquidator, took no steps to substitute itself for Rockwood or to intervene in the action, she too lacks standing.

The Insurance Commissioner responds that, by statute, she has authority to act in place of Rockwood, that she stands in Rockwood's shoes, becoming the legal owner of Rockwood's contract rights and rights of action, and that because the Insurance Commissioner represents the Commonwealth's interests, she has a direct, substantial and immediate interest in the action. We agree. Although, as Motor Coils contends, section 526 of the Act, 40 P.S. § 221.26, prevents Rockwood from continuing the action, section 520 of the Act, 40 P.S. § 221.20(c), vests the liquidator with "the title to all of the property, contracts and *rights of action*" of the liquidated insurance company, *Id.* (emphasis added), and section 523 of the Act, 40 P.S. § 221.23, gives the liquidator the power "[t]o continue to prosecute and to institute in the name of the insurer or in his own name any and all suits and other legal proceedings, in this Commonwealth or elsewhere, and to abandon the prosecution of claims he deems unprofitable to pursue further." Section 523 does not require a liquidator to substitute herself for the insurance company or to intervene in the action, but allows her "to continue to prosecute [the suit] . . . in the name of the insurer." Therefore, although Rockwood could not continue with the suit on its own, the Insurance Commissioner, as liquidator, can continue the suit in the name of Rockwood or in her own name. Here, the suit was continued in the name of Rockwood.

We deny Motor Coils' Motion to Quash Appeal because, although Rockwood could not continue the action after the liquidation, 40 P.S. § 221.26, the Insurance Commissioner, by statute, is vested with an interest in the action, 40 P.S. § 221.20(c), and is specifically granted authority to continue to prosecute the action, as she does here. 40 P.S. § 221.23(12).

▮ We turn now to the merits of Rockwood's appeal from the Judgment of Non Pros.[3] The trial court may exercise its discretion to grant a Judgment of Non Pros if (1) a party has failed to proceed with due diligence, (2) no compelling reason has been shown for the delay and (3) the delay is of two years or more duration. *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). In a companion case to *Penn Piping, Streidel v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992), the Court expressed the third prong of the non pros test in slightly different language: "(3) the delay has caused some prejudice to the adverse party, which will be presumed in all cases in which the delay is two years or longer." *Id.* at 363, 603 A.2d at 1012. The reference to prejudice reflects the law prior to *Penn Piping* which required the party moving for a judgment of non pros to show prejudice before the motion could be granted. However, in *Penn Piping,* the Supreme Court applied a presumption of prejudice, holding:

> [I]n cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket.

*Id.* 529 Pa. at 356, 603 A.2d at 1009. Thus, prejudice is now presumed if a delay of two years or more has occurred. Rockwood argues that it had a compelling reason for its delay in prosecuting this case and that Motor Coils was not prejudiced by the delay.

▮ Rockwood maintains that the events leading to its liquidation, along with a similar collapse and bankruptcy of

---

**3.** On appeal from a judgment of non pros, the trial court's discretion to grant the judgment because of failure of a plaintiff to prosecute an action within a reasonable period of time will not be disturbed unless the trial court has committed a manifest abuse of discretion. *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992).

Rockwood's forwarding agent, resulted in a complete breakdown of communications and, thus, provide a compelling reason for Rockwood's delay in pursuing this case. Without conceding that rehabilitation and liquidation might provide compelling reasons for the delay, Motor Coils responds that the only period in which a compelling reason for Rockwood's failure to prosecute could arguably exist is the period from July 23, 1990 through August 16, 1991 when Rockwood was in rehabilitation prior to liquidation and that, even subtracting this period, Rockwood still failed to prosecute for over three years.[4]

In *Penn Piping*, the plaintiff took no action of record between the filing of an amended complaint in 1981 and the defendant's filing of a motion to dismiss in 1987. Bankruptcy proceedings explained approximately two years of the delay, but the remaining delay was not explained. Where bankruptcy, liquidation, or other operation of law cause the delay, or where the case is delayed to await significant developments in the law, "there will be a per se determination that a compelling reason for the delay has occurred. Other compelling reasons may be determined on a case-by-case basis." *Streidel*, 529 Pa. at 363, 603 A.2d at 1012. In *Penn Piping*, where bankruptcy accounted for only two years of the six year delay, and the plaintiff was unable to show a compelling reason for the additional four years of the delay, the Supreme Court held that the trial court had not abused its discretion in dismissing the case. *Id.* 529 Pa. at 356, 603 A.2d at 1009. Here, even after subtracting the delay due to the rehabilitation and liquidation proceedings, more than two years of delay remains. The determination of whether a compelling reason exists for this additional delay is committed to the discretion of the trial court. Here, the trial court did not abuse its discretion in concluding that Rockwood did not have a compelling reason for the delay.

**4.** We note Rockwood's assertion that preparation of the petition and plans of rehabilitation took approximately five months, extending from February of 1990 until July 23, 1990. Even considering this more extended period, more than two years elapsed without activity in this case.

■ Rockwood next contends that Motor Coils either waived the presumption of prejudice created by *Penn Piping* by pleading actual prejudice in its Motion for Judgment of Non Pros or that, even if the presumption of prejudice was not waived, Motor Coils' claim of prejudice is so outrageous that it rebuts the presumption.[5] We fail to see the logic in Rockwood's argument.

Rockwood cites no authority to support its proposition that by pleading prejudice Motor Coils could waive the presumption created by *Penn Piping* or that the pleading itself could rebut the presumption of prejudice, and we have found no such authority. We certainly see no indication that the party moving for a judgment of non pros can waive the presumption of prejudice merely by pleading actual prejudice. As to rebutting the presumption, we read *Penn Piping* and its progeny to mean that the presumption of prejudice can only be rebutted by showing that the period of unexcused delay has been reduced to less than two years. Rockwood did not do this. Furthermore, even if the presumption of prejudice might be rebutted by proof that the adverse party was not actually prejudiced, we do not believe that Motor Coils' pleading of actual prejudice in conjunction with Rockwood's assertion that the prejudice pled is "outrageous" would be sufficient to meet Rockwood's burden on rebuttal.[6]

5. Motor Coils alleged that it did not deal directly with Rockwood but that it had obtained its policies with Rockwood through an insurance broker with which it no longer has a business relationship and that it could no longer expect the same degree of assistance from the insurance broker which it would have received had Rockwood diligently pursued its claim. Rockwood responds that "true testimony" does not depend upon the existence of a business relationship and that the idea that discontinuance of a business relationship would create prejudice is so outrageous as to rebut the presumption of prejudice.

6. *See, e.g., Brakeman v. Potomac Insurance Company*, 236 Pa.Super. 320, 344 A.2d 555 (1975) *aff'd*, 472 Pa. 66, 371 A.2d 193 (1977), quoting from 8 Appleman, Insurance Law and Practice § 4732, (with regard to delay in notice of insurance claim to insurer, burden is on party seeking to overcome a presumption of prejudice to show that no prejudice occurred—for instance, that a complete investigation had already been made and results turned over to insurer). On appeal, the Pennsylvania Supreme Court concluded that, with regard to an insur-

Here, the trial court concluded that no compelling reason existed for more than two years of the delay, and Rockwood did not rebut the presumption of prejudice. Because grant of a Judgment of Non Pros is a matter committed to the discretion of the trial court, we will not, and cannot, disturb the trial court's action absent a manifest abuse of its discretion. *Id.* Because there was no such abuse here, we affirm.

## ORDER

AND NOW, this 8th day of August, 1994, Motor Coils Manufacturing Co.'s Motion to Quash Appeal is denied and the order of the Court of Common Pleas of Allegheny County, dated January 28, 1994, is affirmed.

ance company seeking to avoid liability because of late notice, the insurance company had to prove prejudice.