**STATE OF THE ART MEDICAL PRODUCTS, INC.,**
Appellant,

v.

**ARIES MEDICAL, INC., Teleflex, Inc., and St. Jude Medical, Inc., Pennsylvania Trial Lawyers Association Pennsylvania Defense Institute, Appellees.**

Superior Court of Pennsylvania.

Argued June 25, 1996.

Filed Feb. 24, 1997.

Mitchell A. Kramer, Jenkintown, for appellant.

Mark E. Squires, Philadelphia, for Aries Medical, Teleflex, Inc., and St. Jude Medical, Inc., appellees.

Before DEL SOLE, TAMILIA and BROSKY, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order which denied Appellant's petition for relief from a judgment of non pros. The trial court concluded that Appellant failed to establish a reasonable explanation or legitimate excuse for its inactivity in prosecuting this case under the three prong test set forth in *Penn Piping Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992). Appellant criticizes the trial court ruling by arguing that the Court misinterpreted the decision in *Penn Piping* by refusing to consider evidence of pre-trial discovery which was not reflected on the docket. Appellant also alleges that it was able to rebut any presumption of prejudice created by over two years of docket inactivity. Finding no merit to these claims, we affirm.

This action was commenced on July 20, 1989, when Appellant filed a Complaint alleging, *inter alia*, claims for breach of contract and tortious interference with contract. Further pleadings were filed and discovery was instituted. However, from September 17, 1990, to May 4, 1992, no entries appeared on the docket. In May of 1992 a Stipulation of Confidentiality and Order of Court were filed, then in April and May of 1993 further discovery matters were docketed. Thereafter, for a period in excess of two years, from May 24, 1993 to June 19, 1995, again no entries were made on the docket. On July 3, 1995 Appellees filed a joint motion for a judgment of non pros. The trial court heard argument and then granted Appellees' motion and dismissed Appellant's complaint with prejudice. Appellant filed a petition for relief from judgment of non pros, which was denied. This timely appeal followed.

A trial court, when presented with a petition which seeks to open a judgment of non pros, must determine whether the plaintiff has established: (1) that the petition is timely filed; (2) that there is a reasonable explanation or legitimate excuse for the inactivity or delay; and (3) that there is a meritorious cause of action. Pa.R.C.P. 3051(b). The trial court ruled that Appellant failed to satisfy the second prong of the test since it determination the court looked to the three-part test set forth in *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992).

The Pennsylvania Supreme Court's decision in *Penn Piping* sought to further define a test originally set forth in *James Bros. Lumber Co. v. Union Banking & Trust Company of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968). Therein the court announced that a court may properly enter a judgment of non pros where: (1) a party to the proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. In *Penn Piping*, the court examined the prejudice element and held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Penn Piping Inc. v. Insurance Co. of North America*, at 356, 603 A.2d at 1009.

The trial court in this case applied the *Penn Piping* test to the facts before it and found that Appellant failed to pursue the case with due diligence, that Appellant had not demonstrated any compelling reason for the delay and that the delay could be presumed prejudicial because there was no activity on the docket for a period of more than two years. Accordingly, the trial court ruled

that there was no reasonable explanation or legitimate excuse for the inactivity and denied Appellant's petition for relief from the judgment of non pros. Appellant argues that the court erred in presuming prejudice in this case where there was discovery activity taking place, although it was not reflected on the docket. In the alternative, Appellant contends that even if prejudice is presumed it was able to rebut that presumption with evidence establishing that no actual prejudice occurred as a result of the delay.

First, we examine the novel question of whether a court is to consider only docketed activity when applying the *Penn Piping* prejudice test. Appellant argues that where a plaintiff can demonstrate that it has engaged in discovery which is not reflected on the docket, there is no delay pursuant to *Penn Piping*. Appellant notes that the parties exchanged four discovery items, primarily interrogatories, during the two-year period in which no activity appears on the docket. Appellant maintains that this discovery activity should be considered by the court, although not reflected on the docket, and should, in effect, interrupt the period of delay. Since under this scenario two years did not lapse without any activity taking place, Appellant argues that it was an error to presume prejudice.

We cannot accept Appellant's argument. The court in *Penn Piping* was clear that it was referring to a two year time period in which there was no activity on the docket. The court specifically stated "if the delay is for two years or more, the case may be dismissed for lack of activity *on the docket.*" *Id.* (emphasis added.) The rule set forth in *Penn Piping* is unambiguous and easy to apply. The trial court must look to the docket to determine if there is any indication of activity. It is the plaintiff's duty to move the case forward and to monitor the docket to reflect that movement. If there is no evidence of activity appearing on the docket for a period in excess of two years, under the standard of *Penn Piping* prejudice can be presumed.

Appellant argues that such a literal reading of *Penn Piping* should not occur because local rules as well as constitutional provisions require a trial court to consider discovery activity off the docket. Appellant first cites to Montgomery County Local Rule 406 which directs the prothonotary to prepare an annual list of all civil cases in which no activity appears on the docket for two years or more. Notice is to be given in these cases and they are to be marked terminated unless an Activity Status Certificate is filed. The Activity Status Certificate can advise the prothonotary that there has been discovery activity off the docket. Appellant reasons that this same recognition of non docketed activity must occur before granting a judgment of non pros. In support of its claim Appellant cites to *Streidl v. Community General Hospital,* 529 Pa. 360, n. 2, 603 A.2d 1011, 1012, n. 2 (1992), wherein the court stated, "[i]t does not matter whether the prothonotary notifies the parties of its intent to terminate the case, or whether the non-delaying party petitions for dismissal; the same standards apply." Appellant reasons that if the same standards apply regardless of whether the matter is initiated by the prothonotary or on a party's motion for non pros, then a non pros cannot be entered without considering discovery activity off the docket, as is done under local Rule 406.

Appellant misreads the holding of *Streidl* and mistakenly deduces from that reading an additional element for a court to consider when ruling on a non pros motion. In *Streidl,* the prothonotary, pursuant to a local rule, issued notice to the plaintiffs that their suit was to be terminated due to inactivity. After oral argument the court found that there was no appropriate explanation for a two and a half year delay and dismissed the case for lack of action. The plaintiffs argued it was error to dismiss their action without a showing of prejudice. The supreme court held that the matter was governed by *Penn Piping* and prejudice would be presumed since a delay of two years or longer existed. In that context the court rejected a comment made by this court which indicated that a different prejudice requirement existed depending upon whether the prothonotary notified the parties of its intent to terminate the case, or whether a party petitioned for dismissal. See *Id.* at 356, n. 2, 603 A.2d at 1009,

n. 2. The court in *Streidl* does not, as Appellant suggests, direct courts to apply the requirements set down in local rules regarding the termination of stale cases to all motions for judgment of non pros. The local rules allow for an administrative dismissal of a stale case. They were promulgated pursuant to Pa.R.J.A.1901 as an additional means of obtaining a dismissal based upon a lack of docket activity. *Dorich v. DiBacco*, 440 Pa.Super. 581, 656 A.2d 522 (1995). *Streidl* directs that no additional proof of prejudice is required in those matters initiated by the prothonotary under the local rules, where a two or more year delay is evidenced by the docket. *Streidl* does not require a court to look to the local rules and apply their specific requirements when a party asserts its common law right to seek a prompt conclusion to a case.

■ We also can readily reject Appellant's claim that a decision which does not require a court to look outside the docket when ruling on a non pros motion is unconstitutionally impermissible. Appellant argues that both the Pennsylvania and United States Constitutions guarantee litigants notice and an opportunity to be heard before they can be deprived of their day in court. Appellant asserts that no statute, civil rule or case in Pennsylvania gave it notice that despite proceeding with discovery for two years it needed to "file frivolous motions to pad the docket with activity" or face non pros. Appellant's Brief at p. 28.

It is patently ridiculous to assert that it is necessary to file frivolous motions to "pad the docket." This case proceeded with no docket activity for nearly two years from September of 1990 to May of 1992, and for a period in excess of two years from May 1993 to June 1995. It is a plaintiff's obligation to move the case forward. Had Appellant merely certified the case for trial, it would have done all that was necessary to avoid a non pros. Appellant was on notice that the docket must reflect on-going activity in a case. As stated, *Penn Piping* is specific in its directive that prejudice will be presumed where there is a lack of activity on the docket for a period of more than two years. Appellant's failure to accept the language of *Penn Piping* literally cannot form the basis of a constitutional challenge.

■ We turn now to Appellant's claim that it offered or was able to offer sufficient evidence to overcome the presumption of prejudice. It sought to prove this point by proceeding with the deposition of key witnesses to demonstrate that their memories had not waned. Appellant reasons that had it been able to present this evidence along with certain documentary evidence which was available, it would have rebutted the presumption of prejudice which arose from the two year absence of docket activity.

Appellant's attempts to show a lack of actual prejudice do not rebut the presumption of prejudice found in this case. The presumption established in *Penn Piping* may be rebutted only to the extent that a plaintiff may demonstrate that the unexplained period of docket inactivity is less than two years. The plaintiff in such instances is required to provide an explanation for that period of docket inactivity which can reduce the delay to less than two years. The *Penn Piping* court was asked to consider "whether the presumption of prejudice from [a] six year delay was successfully rebutted." *Id.* at 357, 603 A.2d at 1009. In deciding this matter the court remarked:

> Two years of the six-year delay were explained to the satisfaction of the trial court by [Penn Piping's] involvement in a Chapter 11 bankruptcy proceeding. Four years, however, remain unexplained. Since the four-year unexplained delay exceeds two years, the trial court did not abuse its discretion in dismissing the case.

*Id.* The court in *Penn Piping* thus, considered the plaintiff's explanation for delay only to the extent that it provided reason to reduce the time period in which there was unexplained lack of docket activity. Since the explanation offered only reduced the period to four years, the Court applied the presumption of prejudice. The court did not allow the presumption to be rebutted by a demonstration that the defendant suffered no actual prejudice from the delay. A panel of the Commonwealth court in *Rockwood Insurance v. Motor Coils Mfg.*, 166 Pa.Cmwlth. 495, 646 A.2d 705 (1994) analyzed the pre-

sumption of prejudice set forth in *Penn Piping* and similarly stated:

> [A]s to rebutting the presumption, we read *Penn Piping* and its progeny to mean that the presumption of prejudice can only be rebutted by showing that the period of unexcused delay has been reduced to less than two years.

*Id.* A plaintiff may not, however seek to demonstrate a lack of actual prejudice once the presumption attaches.

Our supreme court in *Penn Piping* set forth a per se rule in which a delay in excess of two years established prejudice sufficient to satisfy the third prong of the non pros test. See *Pennridge Electric v. Souderton Area Joint School Authority*, 419 Pa.Super. 201, 615 A.2d 95 (1992). In fact, the court in *Penn Piping,* eliminated the reference to prejudice stating: "Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Penn Piping, Inc. v. Insurance Company of North America,* at 356, 603 A.2d at 1009. Accordingly, where there is two-year unexcused delay with no activity appearing on the docket, the prejudice element of the three prong test is satisfied.

To adopt Appellant's position and require courts to make a factual finding on the issue of prejudice would be overly burdensome. In the instant case for example, Appellant would offer deposition testimony of relevant witnesses to test their memories of significant events. If a credibility determination was necessary, a hearing would have to be held. The end result would be a trial within a trial. Further, we recognize there is necessarily some prejudice suffered by any party to a lawsuit which cannot be concretely established, but which exists because a pending legal matter remains unresolved. It is for these reasons that where a delay in excess of two years exists without any docket activity, prejudice is presumed. Actual prejudice need not be established. Where a plaintiff is unable to rebut the presumption by establishing that the unexplained period of docket inactivity is less than two years, the

presumption stands and a party cannot negate that presumption by seeking to demonstrate a lack of actual prejudice.

■ It must be remembered that a non pros cannot be automatically granted whenever the docket reflects no on-going activity for a period in excess of two years. A determination of prejudice based upon a two-year delay with no docket activity, is only one part of a three part test. Because such a determination can be readily made from a examination of the docket, it may be appropriate for a trial court to first consider that prong before considering the others. Nevertheless, the grant of a non pros would be inappropriate unless the court concludes that the remaining two prongs are satisfied. Thus, the court must still consider if there is an absence of due diligence in prosecuting the case and if there is any compelling reason for the delay.

■ In examining these two prongs the trial court can consider the equities of the matter. It has already been held that where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was awaiting significant developments in the law, there is compelling reason for the delay. *Id.* at 356, n. 2, 603 A.2d at 1009 n. 2. This compelling reason analysis focuses upon the entirety of the plaintiff's delay in pursuing its case. Likewise, the court is free to consider the specific circumstances of the case in determining whether the plaintiff exercised due diligence in prosecuting its case. See *Herb v. Snyder,* 454 Pa.Super. 612, 686 A.2d 412 (1996) (where delay caused by defendant was found not attributable to plaintiff and not ground for entry of a judgment of non pros). Where a plaintiff offers solid evidence of proceeding in a diligent manner, although not reflected on the docket, or where there is some compelling reason for the delay, a non pros may not be entered despite the fact that a period in excess of two years passed without any activity being noted on the docket.

■ In this case the third prong of the *Penn Piping* test is satisfied since there was an unexplained period of docket inactivity in excess of two years. When considering the

remaining two prongs, the trial court remarked that Appellant offered no reason for the delay, thus, it certainly could not avoid the entry of a non pros by arguing that it had a compelling reason for the delay. Similarly it was unable to prove that it acted with due diligence. As the court noted, the most recent delay, in excess of two years, from May 1993 to June 1995, was not the only period of time in which Appellant failed to pursue its case. There was also a nineteen-month period of inactivity from September 1990 to May 1992. The limited nature of the exchange of four discovery matters, was not sufficient to show that Appellant acted with due diligence in this case which was commenced in July of 1989.

Therefore, we hold that the trial court did not abuse its discretion in concluding that Appellant had not satisfied the requirements necessary to grant relief. Because Appellant failed to establish that there was a reasonable explanation or legitimate excuse for the inactivity or delay under the three-prong test of *Penn Piping*, it was unable to satisfy the necessary elements for opening a judgment of non pros set forth in Rule 3051 of the Rules of Civil Procedure. Pa.R.C.P. Rule 3051(b). Accordingly, the trial court's order is affirmed.