## Garvelli v. St. Ann's Roman Catholic Church

58

C.P. of Elk County, no. 94-118.

*George Daghir,* for plaintiff.
*Heather Williams,* for defendant.

ROOF, *P.J.*, July 1, 1997—Presently before the court is plaintiff's objection to dismissal of his case for inactivity pursuant to Pennsylvania Rule of Judicial Administration no. 1901(c) and Local Rule of Court of the Fifty-Ninth Judicial District no. 101(c). For the following reasons, plaintiff's case is dismissed for inactivity.

## STATEMENT OF FACTS/
## PROCEDURAL HISTORY

On February 18, 1994, the plaintiff initiated this action by summons. On March 17, 1994, the sheriff filed a return of service. No other docket entry was made until April 21, 1997, when plaintiff filed the objection now

before us. Both parties submitted briefs, and argument was held June 20, 1997.

In his brief and at oral argument, the plaintiff presented the following reasons for the lack of docket activity:

(1) Plaintiff's decedent was initially treated by Dr. Robert Perneski and referred to Dr. Pirone to perform hip surgery. Dr. Pirone left the area in 1994, and his whereabouts have been unknown to plaintiff. Prior to leaving Elk County, Dr. Pirone issued a written report to plaintiff but has not responded to a further request for a more detailed report.

(2) Decedent underwent rehabilitation at Nittany Valley Rehabilitation Center, where her physician was Dr. Leiber. In June of 1992, Dr. Leiber left the facility offering to refer decedent to another physiotherapist which he never did.

(3) In late 1993, decedent underwent further hip surgery by Dr. Yohe, who cannot offer an explanation as to the pain she was experiencing.

(4) Decedent developed a brain tumor which resulted in her death on February 2, 1994. Attempts were made by plaintiff during 1994 to determine whether the tumor was related to the March 5, 1992 accident. Medical reports received in late 1994 indicated no connection between the two.

(5) Plaintiff's counsel had by-pass surgery resulting in a loss of work for eight weeks and only part-time work for another eight weeks.

(6) Defendants never responded to the writ of summons and no attorney entered an appearance for the defendants until plaintiff filed his objection.

## DISCUSSION

Rule of Judicial Administration no. 1901 is entitled "Prompt disposition of matter; termination of inactive

cases" and states under subsection (a) that "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Rule 1901 goes on to add under subsection (b)(1) that "Each court of common pleas is primarily responsible for the implementation of the policy expressed in subsection (a) of this rule and is directed to make local rules of court for such purposes . . . ." Subsection (c) of Pa.R.J.A. no. 1901 provides that 30 days written notice of opportunity for a hearing on the termination be given prior to entering an order terminating a case for inactivity.

Pursuant to the directive of Pa.R.J.A. no. 1901(b)(1), the Fifty-Ninth Judicial District adopted Local Rule no. 101(c) which provides that

"The prothonotary shall list for general call at the first civil argument court held after September 1, of each year all civil matters in which no steps or proceedings have been taken for two years or more prior thereto and shall give notice to counsel of record and to the parties for whom no appearance has been entered, as provided in Pa.R.J.A. no. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the prothonotary shall strike the matter from the list and enter an order as of course dismissing the matter with prejudice for failure to prosecute, under the provisions of this rule. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the court for dismissal."

We first distinguish this proceeding from that where a judgment of non pros is sought. Although the effect of a judgment of non pros and an order terminating under Pa.R.J.A. no. 1901 and our local rule are virtually

identical, each serves a slightly different purpose and entails different procedures. See *Pilon v. Bally Engineering Structures,* 435 Pa. Super. 227, 230 n.1, 645 A.2d 282, 283 n.1 (1995), where the court stated:

"A judgment of non pros . . . should not be entered unless delay has caused prejudice. . . . An order terminating an action for inactivity, however, is intended to permit a trial court to rid its docket of stale cases. Such an order may be entered by a court sua sponte after an unreasonable period of inactivity even though there may be no prejudice to the defendant." (citations omitted)

See also, *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) and *State of the Art Medical Products Inc. v. Aries Medical Inc.,* 456 Pa. Super. 148, 689 A.2d 957 (1997), where it was held that a court may enter a judgment of non pros where (1) a party to the proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. *Penn Piping* also stands for the proposition that a delay by plaintiff of more than two years will be presumed to be prejudicial to a defendant.

The case sub judice, however, is not presently before the court on a motion for judgment of non pros, and therefore, we need not find any prejudice to defendant from the delay in prosecution. Rather, pursuant to Pa.R.J.A. no. 1901 and Local Rule no. 101(c), we need only determine whether (1) plaintiff has failed to prosecute the action within a reasonable time and (2) there was a compelling reason for the delay.

The law is settled that plaintiff, not defendant, bears the risk of not acting within a reasonable time to move a case along. *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 615 A.2d

95 (1992); *Pilon, supra.* The period of inactivity in this case lasted for three years and two months. We have reviewed the plaintiff's explanation for this delay and find none of the reasons compelling so as to justify the lack of activity. While Dr. Pirone may not be available to plaintiff, decedent's other treating physicians are. Further, plaintiff has had over two years to determine Dr. Pirone's whereabouts. Decedent also had ample opportunity to consult another physiotherapist on her own after Dr. Leiber left the Nittany Valley Rehabilitation Facility without the promised referral.

The fact that Dr. Yohe cannot explain the cause of decedent's pain does not excuse plaintiff's delay in moving this matter forward nor does the fact that decedent developed a brain tumor which resulted in her death where medical reports concerning any possible link between the tumor and decedent's accident were received in 1994.

In addition, plaintiff's counsel's inability to work for approximately 16 weeks out of a three-year, two-month time period does not constitute a compelling reason for lack of docket activity.

We also note that there has been no significant non-docket activity which one lower court has determined may constitute "compelling reasons" for a delay where a judgment of non pros is sought. See *Davis v. Lexeen Inc.* (C.P. Dauphin, March 17, 1997).

Although pursuant to Pa.R.J.A. no. 1901 and Local Rule no. 101(c), there need not be a finding of prejudice to dismiss a case for lack of docket activity, we mention *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992), where the court, in determining whether a case should be dismissed for inactivity pursuant to a local rule, stated that "[i]t does not matter whether the prothonotary notifies the parties of its intent to terminate the case, or whether the non-delaying party petitions for dismissal; the same standards apply." *Id.*

at 362 n.2, 603 A.2d at 1012 n.2. The court held that the matter was governed by *Penn Piping* and prejudice would be presumed since a delay of two years or longer existed.

In *State of the Art Medical Products*, however, the court stated the following with respect to *Streidl* and the element of prejudice:

"*Streidl* directs that no additional proof of prejudice is required in those matters initiated by the prothonotary under the local rules, where a two or more year delay is evidenced by the docket." *State of the Art Medical Products, supra* at 154, 689 A.2d at 961.

Therefore, to the extent that prejudice must be shown under *Streidl,* actual prejudice to defendant need not be established since the docket and non-docket inactivity sub judice for a period in excess of *three* years presumes prejudice. Further, since plaintiff has not offered any compelling reasons for the three-year, two-month period of inactivity or that significant non-docket activity was occurring, he has failed to establish the necessary elements to avoid termination of this action under the applicable rules. Finally, we do not consider *Galbraith v. Gahagen*, 415 Pa. 500, 204 A.2d 251 (1964), cited by plaintiff, as we find the facts distinguishable from the instant matter.

Based on the foregoing, we enter the following:

## ORDER

And now, July 1, 1997, upon consideration of plaintiff's objection to dismissal of his case for docket inactivity, argument and briefs, and consistent with the accompanying memorandum opinion, it is ordered and decreed that this action is dismissed with prejudice pursuant to Pa.R.J.A. 1901 and Local Rule no. 101(c).