**Sharol LEDGER and Steven Ledger, her husband, Appellants,**

v.

**H. Thomas EDDY & Connie Eddy; H. Thomas Eddy Insurance Agency, Appellees.**

Superior Court of Pennsylvania.

Submitted April 2, 1998.

Filed April 29, 1998.

Thomas Waffenschmidt, Williamsport, for appellants.

Rebecca L. Warren, Bloomsburg, for appellees.

Before JOHNSON, STEVENS and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal of an order entered by the lower court denying appellants' request for relief from entry of judgment *non pros.* The lower court based its decision upon the presumption of prejudice after two years of docket inactivity under *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). Further, the lower court did not look to whether there was actual prejudice as, according to *State of the Art Medical Products, Inc. v. Aries Medical, Inc.,* 456 Pa.Super. 148, 689 A.2d 957 (1997), this presumption could only be rebutted by showing less than two years of docket inactivity.

Our Supreme Court, however, in the recent case of *Jacobs v. Halloran,* —— Pa. ——, 710 A.2d 1098 (1998), abolished the presumption of prejudice. In *Jacobs,* the Court held that the delay must cause actual prejudice to the defendant. The Supreme Court specifically noted that this rule is to apply to all pending cases that have preserved the issue. In the instant case, appellants are subject to the rule announced in *Jacobs* as they have preserved this issue by arguing both in the trial court and in this appeal that appellees suffered no actual prejudice by the delay.

Therefore, we must remand the case for the trial court to determine whether appellees were actually prejudiced by the delay in prosecution. *See id.*

Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.