**Education Resources Institute Inc. v. Berry**

*Ron Z. Opher,* for plaintiff.
*Simon J. Rosen,* for defendant.

CARRAFIELLO, *J.*, March 13, 2006—Plaintiff below, The Education Resources Institute Inc. (appellant), appeals from the January 9, 2006 order of the Philadelphia Court of Common Pleas whereby their motion to strike discontinuance was denied.

## FACTUAL AND PROCEDURAL HISTORY

Appellant initiated this action against appellee, Wayne Berry, seeking repayment of the unpaid balance on an educational student loan. On May 10, 2001, the date of arbitration, the parties entered into a verbal settlement agreement and informed the court the matter had settled and this court entered the appropriate order on the docket marking the case "discontinued". Other than on May 6, 2003, when appellant's current counsel entered his appearance, there was no docket activity and on June 15, 2005 the record was destroyed in accordance with proper procedure.

On September 8, 2005, more than four years later, appellant filed a motion to strike discontinuance. After review of the uncontested motion this court granted said request and reinstated the matter to active status. On November 11, 2005, appellee filed a motion for reconsideration, alleging, inter alia, that appellant had failed to send a copy of the motion to strike to appellee's counsel's current address. This court granted reconsideration and vacated the October 4, 2005 order, allowing appellant 15 days thereafter to respond.

Appellant timely responded to appellee's averments and after consideration of the filings, this court denied

appellant's motion to strike the discontinuance. This timely appeal followed.

## LEGAL DISCUSSION

Appellant timely filed a 1925(b) concise statement of matters complained of on appeal in which it is alleged the court erred in denying the motion to strike for substantive reasons relating to the 2001 settlement.

Appellant moved to strike the discontinuance under Pa.R.C.P. 299 which provides "the court . . . may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice." The prerequisite to such action by the court is that the party seeking to have a discontinuance stricken must show that he has been deprived of a substantial right or will be prejudiced by the discontinuance.

Appellant has offered no explanation for the delay and offered no account of their efforts to complete settlement other than a June 1, 2001 letter to appellee requesting his signature on the settlement papers. Appellant has made the assertion that it would suffer prejudice by allowing the discontinuance to stand because appellee "has failed to sign the settlement papers and has failed to comply with the terms of the settlement." And while appellee concedes he did not sign the settlement agreement because the agreement did not memorialize the agreed upon terms, this court failed to find any evidence that appellant would *now* suffer any prejudice as it was appellant's decision to allow over such time to pass before acting to collect on the alleged monies owed.

Appellant could have filed any number of timely motions to place this matter back on active status but failed to protect their interest. The parties were given explicit instructions in our May 10, 2001 order as to the method by which the case could be returned to active status.

Appellant, at the first indication that appellee had failed to sign the settlement agreement, had the opportunity to petition the court to re-open the case; this appellant failed to do, for four years. Case law has noted where there is no docket activity for over two years there is a presumption of prejudice against the party whose litigation rights were being extinguished. *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992).

Because a petition to strike is an appeal to the equitable side of the court, the moving party must be found not to have engaged in any behavior which may have prejudiced the adverse party. *In re Estate of Pedrick,* 505 Pa. 530, 482 A.2d 215 (1984). We must also consider the impact on appellee's ability to defend and whether allowing the action to proceed after it had been discontinued will put appellee at any significant disadvantage. In that regard, we found activating this case after such a long hiatus would be prejudicial, as this matter has long been considered ended; the court has destroyed the record and appellee has disposed of his records and relocated out-of-state.

For the reasons stated, this court's order of January 9, 2006 should be affirmed.