## Shrum, Appellant, *v.* Pennsylvania Electric Company.

Argued March 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Robert E. Wayman,* with him *Wayman, Irvin, Trushel & McAuley,* for appellee.

*Robert B. Filson,* for appellee.

OPINION PER CURIAM, October 9, 1970:

The cause of action declared upon in this case arose on August 16, 1957, when plaintiff's decedent was electrocuted by coming in contact with a "dragline" (a type of shovel used in strip mine operations), the boom of which was in close proximity to an overhead high power tension line of Pennsylvania Electric Company ("Electric Company"). Trial commenced June 12, 1961 and was concluded June 14, 1961. The trial court granted the Electric Company's motion for nonsuit; neither the other original defendant, Raymond Zacherl, or the additional defendant, Joseph Zacherl (trading and doing business as Zacherl Coal Company) offered any evidence. On June 14 the jury returned its verdict in favor of Raymond Zacherl and against Joseph Zacherl in the amount of $25,000. Timely motions were filed by plaintiff to take off the nonsuit and for a new trial. No post-trial motions were filed by the verdict loser, Joseph Zacherl.

There then followed a seven year lapse of time until August 9, 1968, when the case was praeciped for argument by plaintiff. The motions were argued the following month; from their refusal this appeal was taken. We are met at the outset with the claim of the Electric Company that the plaintiff is barred by laches from pursuing its motions and that this appeal should be dismissed on that account.

While defendants did not file motions for non pros, they did argue in the lower court that plaintiff should be barred from proceeding because of failure to take any action for over seven years; that this delay was prejudicial to them because of the unavailability of many witnesses. The lower court in its opinion stated, "we think there is merit in the contention." Moreover, no transcript of the trial proceedings was available to the court in considering the motions. The court held that the duty to obtain and pay for the transcript (the court itself not having directed that a transcript be prepared and no appeal having been taken) was upon the moving party. Act of May 11, 1911, P. L. 279, Sec. 3, 12 P.S. 1198. As the court observed, "The trial was held over seven years ago and the court could not be expected to recall the details." The laches in bringing the motions on for argument and the failure to furnish a transcript were among the reasons given for the refusal of the motions. In addition, however, the court did review the evidence and its rulings to the best of its ability, and concluded that no error had been committed.

In reply, plaintiff argues in her brief that had appellees "at any time wished to get this matter concluded at an earlier date, they had every opportunity to have ordered the case on the lower court's argument list. Having failed to do so, and having shown nothing of record with respect to their being prejudiced, they

should now be estopped in their efforts to claim laches. . . . Any undue delay in this case was because the lower court failed to see that the testimony was timely transcribed. . . . The case was finally argued pursuant to action taken by appellant and the appellees should not now be heard to complain because of their own failure to get this matter resolved."

We must agree with the lower court and appellees in this matter: we think appellant was guilty of laches. It was her duty as the moving party, not that of the judge, to obtain a transcription of the trial record; and it was her duty as the moving party, not that of the appellees, to have the case put down for argument. *Hruska v. Gibson*, 316 Pa. 518, 175 Atl. 514 (1934). We have recently had occasion to criticize an unexplained delay of seven years on the part of a judge in deciding a motion for a new trial, *Exton Drive- Inc. v. Home Indemnity Co.*, 436 Pa. 480, 484, 261 A. 2d 319 (1969); surely there is no less reason to deplore a like delay by a litigant or counsel in bringing a post-trial motion on for argument. Such a lapse of time is presumptively prejudicial to all parties even without any specific showing of prejudice on the record, especially where, as here, the new trial being sought would take place twelve years following the occurrence involved. It is, moreover, incompatible with the orderly and prompt dispatch of judicial business. Normally only four days are permitted by the rules of court for the filing of post-trial motions; if a new trial is granted, it must be placed at the head of the next general trial list. Act of May 31, 1907, P. L. 357, §1. A lengthy delay in bringing such a motion on for disposition does not comport with this pattern, designed for reasonable expedition in terminating litigation.

In these circumstances, and in the discretion of the lower court, a judgment of non pros. might well have

387

been entered. See *James Bros. Company v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 247 A. 2d 587 (1968); *Hruska v. Gibson, supra; Potter Title & Trust Co., Admr. v. Frank,* 298 Pa. 137, 148 Atl. 50 (1929). In the latter case this Court observed (page 142): "As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence and one who sues in a representative capacity no less so than an individual. There is no greater reflection upon the administration of justice than the permission of endless litigation." See, also, *Stoever v. Walmer,* 140 Pa. 590, 21 Atl. 444 (1891); *Ward v. Patterson,* 46 Pa. 372 (1863); *Rozelle v. Lewis,* 9 Lack. Jur. 22 (1907). No such motions were filed, however, and the lower court did not decide the case on the ground of delay alone. We have therefore considered the appeal on its merits.

While the transcript was not available to the lower court, it has been furnished to us in typewritten form, and has been carefully reviewed in connection with the motions of appellant. We are satisfied that the trial court was correct in entering judgment of nonsuit as to the Electric Company, *Stark v. Lehigh Foundries, Inc.,* 388 Pa. 1, 130 A. 2d 123 (1957), *Reed, Admrx. v. Duquesne Light Co.,* 354 Pa. 325, 47 A. 2d 136 (1946), and that the verdict in favor of defendant Raymond Zacherl was not inconsistent with the verdict against his employer, Joseph Zacherl. The latter's liability stemmed not from any negligence of Raymond Zacherl, but from that of another employee who had been operating the dragline and apparently parked it in close proximity to the power line. Complaint is also made as to certain rulings on evidence by the trial judge; the questions were ones of relevancy of proof offered by appellant, and we think no error was committed.

Judgment affirmed.