## Bussey v. Automation Industries Inc.

*Raymond D. Seals,* for plaintiffs.

*Mark D. Sheppard,* for defendants Automation Industries Inc., GK Technologies Inc. and Penn Central Corp.

TERPUTAC, *J.,* April 20, 1993—In this civil action, some of the defendants, Penn Central Corporation, Automation Industries Inc., and GK Technologies Inc., have

filed a petition to make rule to show cause absolute and for judgment of non pros. In effect, these defendants have asked the court to dismiss the action for lack of docket activity.

The cause of action is predicated on the theory that Mr. Bussey had contracted cancer as a result of radiation exposure to which he had been subjected while he was employed at Canonsburg Industrial Park from 1972 to 1982. Albert L. Bussey and Donna Bussey, his wife, filed their praecipe for writ of summons against the present petitioners-defendants and other defendants on February 21, 1989. On March 4, 1990, Mr. Bussey died leaving Donna Bussey, his wife and executrix of his estate, as the sole plaintiff. Defendants served interrogatories and a request for production of documents upon plaintiff on April 21, 1990. Plaintiff neither answered the interrogatories nor produced any documents.

For a period of more than two and one-half years, that is, from April 12, 1990 to November 21, 1992, the docket was inactive. Pursuant to Local Rule L-1901, the court issued on November 21, 1992, a rule upon the plaintiff to show cause why the case should not be dismissed for lack of docket activity. In part the Local Rule states:

"L-1901. *Inactive Cases*—Before the second Monday in December of each year, the court administrator shall prepare a list of civil cases in which no paper has been filed or action taken for more than two years. The court, by the president judge, shall, on the second Monday of December of each year, issue a rule upon all parties of record to show cause why the action, including any counterclaims or cross-claims, should not be stricken as stale.... At the 9:15 a.m. Motions Court on the second Monday of February, answers to the rule will be considered and hearings set where necessary. With the exception of the cases in which answers are so made, the rule shall be

made absolute and the cases remaining on the list terminated for want of prosecution with prejudice...."

On January 27, 1993, the plaintiff filed two documents, a suggestion of death of her husband and a civil complaint against the defendants and others. And she filed on the same day an answer to the rule to show cause, averring for the first time, insofar as the record is concerned, that plaintiff had obtained a report from an expert who would relate the cause of decedent's death to the radiation exposure at the Canonsburg Industrial Park. Later the expert declined to testify. Further, plaintiff has averred that counsel contacted other experts without success. As of January 1993, plaintiff has alleged she has an expert to connect the death with the radiation, but the report of the expert has not yet been received.

For in-camera inspection, counsel for the plaintiff provided the court with a copy of the original expert's report (dated May 26, 1988) and a copy of the report from an expert recently obtained by the plaintiff (report dated January 26, 1993). Opposing counsel interposed no objections to the court's examining these documents. Copies of the reports were delivered to the court on March 22, 1993.

On February 18, 1993, the plaintiff filed her motion to dismiss the motion of defendants for judgment of non pros, stating that the purpose of rule of Judicial Administration 1901 and Local Rule L-1901 was to eliminate stale cases from the docket under circumstances where the plaintiff does not intend to proceed with the litigation. We reject this narrow interpretation. The word "stale" is used in its broad sense and we hold that the Local Rule may be utilized to enter a judgment of non pros under a variety of circumstances, including but not limited to, inability to secure proof, inability to secure or find witnesses, and other reasons. A party may always allege

he or she intends to proceed, but this intent may be far removed from reality.

Yet in *Penn Piping Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), the Supreme Court stated the issue as what are the standards by which a court may invoke its inherent power to dismiss a case for lack of activity on the docket. The court stated:

"The lower courts agree that there was an absence of due diligence in prosecuting the case and that there was no compelling reason for the delay. At issue is whether the delay was presumptively prejudicial under [*Shrum v. Philadelphia Electric Co.*, 440 Pa. 383, 269 A.2d 502 (1970)]. We believe it is, and we now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

The underlying issue in *Penn Piping* was whether the presumption of prejudice from the six-year delay was successfully rebutted. Finding that four years of the delay had not been explained, the Supreme Court held that the trial court had not abused its discretion when it dismissed the case.

In the case before us, no activity on the docket had taken place for more than two years. No effort had been made to preserve Mr. Bussey's testimony until he became too ill to testify. In addition, plaintiff failed to comply with the interrogatories and request for production of documents. While we sympathize with the unfortunate plight of the widow and children, we cannot allow sympathy for one party to influence our decision, which must be based on legal principles. Recognizing Mr. Tighe's ill-

ness, we feel compelled to note that Mr. Seals had entered his appearance for the plaintiffs on May 25, 1989. That an expert could not be found cannot be attributed to the defendants. Indeed the defendants are under no obligation to proceed; rather the plaintiff bears the risk of not acting within a reasonable time. *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 615 A.2d 95 (1992).

Plaintiff failed to proceed with the litigation with reasonable promptitude. The court finds no compelling reason for the delay of nearly two and one-half years. In fact, the only reason advanced by the plaintiff in the answer to the rule to show cause was that counsel were attempting to find an expert to testify for them. This reason is insufficient to deny a judgment of non pros. *Streidel v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992). Although the court in *Streidel* affirmed the dismissal by an equally divided court, this ruling is the law until the Supreme Court changes or modifies the rule. Because the delay involves a period in excess of two years, which would be the applicable statute of limitations, the delay is presumed prejudicial for the purpose of this proceeding to dismiss for lack of activity on the docket. *Penn Piping, supra.* Considering the entire matter without the benefit of the presumption, we find the delay unreasonably onerous upon the defendants, for they have no current employees who might have information about the conditions at the Industrial Park in those years. The information which the defendants could have obtained from Mr. Bussey is no longer available. All the buildings within the Industrial Park have been demolished. The court, therefore, is constrained to grant the motion of the defendants.

## ORDER

And now, April 20, 1993, it is ordered, adjudged, and decreed that the rule of November 21, 1992, is hereby made absolute and the cause of action by the plaintiff, Donna Bussey, executrix of the estate of Albert L. Bussey, deceased, and Donna Bussey, in her own right, is dismissed with prejudice. Judgment is hereby entered in favor of the defendants, Automation Industries Inc., GK Technologies Inc., and Penn Central Corporation, and against the plaintiffs, Donna Bussey, executrix of the estate of Albert L. Bussey, deceased, and Donna Bussey, in her own right.