638 A.2d 499

Steven COLELLA, Appellant,

v.

**PHILADELPHIA HOUSING AUTHORITY and Philadelphia Housing Development Corporation and Delaware Valley Wrecking Company.**

Commonwealth Court of Pennsylvania.

Argued Jan. 31, 1994.

Decided March 7, 1994.

Charles L. McNabb, for appellant.

Jane G. Malaspina, for appellees.

Before DOYLE and PELLEGRINI, JJ., NARICK, Senior Judge.

NARICK, Senior Judge.

We are asked to review the appeal of an order of the Court of Common Pleas of Philadelphia County denying the petition of Steven Colella (Appellant) to open the judgment of non pros entered against him. The procedural history is as follows:

On December 13, 1991, Appellant filed a praecipe for a writ of summons against three defendants, the Philadelphia Housing Authority (Appellee), the Philadelphia Housing Development Corporation, and Delaware Valley Wrecking Company, in order to bring suit in connection with an injury he incurred while he was working on the renovation of a building in the City of Philadelphia. Subsequently, on January 21, 1992, Appellee filed a rule for Appellant to file a complaint within twenty (20) days or suffer a judgment of non pros.

After receiving a copy of the rule, Appellant's counsel instructed an associate to draft a complaint. Appellant claims that he failed to instruct the associate that the complaint had to be filed in twenty days, and that he failed to enter the

correct due date for filing the complaint in his diary. Ten days after the complaint was due, on February 20, 1992, Appellee took a judgment of non pros and sent notice to Appellant's counsel. Appellant's counsel filed the complaint on February 21, 1992, one day later and thirty-one (31) days after his receipt of the rule to file the complaint. Judgment of non pros was entered by the court on February 25, 1992. On March 11, 1992, Appellant petitioned to open or strike the judgment of non pros, and on March 27, 1992 the petition was denied. The trial court stated that because there was no reasonable excuse for the failure to file the complaint, and because Appellant did not state a viable cause of action, it was within the court's discretion to refuse to open the judgment.[1]

It is well settled that the denial of a petition to open and/or strike judgment is subject to the abuse of discretion standard of review. *Penn Piping; Sklar v. Harleysville Insurance Co*, 526 Pa. 617, 587 A.2d 1386 (1991); *Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980). A request to open a judgment is directed to the conscience of the trial court and its equitable powers, and as such the court is required to balance the equities in each case and to consider the hardship or prejudice to the opponents. *Narducci.*

Our Supreme Court has recently addressed the requirements for a judgment of non pros. In its decision in *Penn Piping*, the court used the three-part test found in *James Brothers Lumber Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 247 A.2d 587 (1968), where it was held that a trial court

---

1. The trial court relied on the following tripartite test for opening a judgment non pros, found in the Supreme Court's decision in *Narducci v. Mason's Discount Store*, 518 Pa. 94, 98, 541 A.2d 323, 325 (1988):

    1) the petition to open must be promptly filed;
    2) the default or delay must be reasonably explained or excused.
    3) facts must be shown to exist which support a cause of action.
However, the more recently decided *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), uses a different three part test, which includes as its third element the question of prejudice. Because *Penn Piping* is the most recent decision of our Supreme Court on this issue, and because *Narducci* also emphasized that prejudice to the parties is of paramount importance given the equitable nature of a petition to open a judgment of non pros, we will use the *Penn Piping* test discussed in detail later.

has properly exercised its discretion in entering a judgment of non pros when: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay;[2] and (3) the delay has caused prejudice to the adverse party. *Penn Piping* modified the third prong of the test with the addition of the presumption that the delay was prejudicial if it involved a period of docket inactivity of two years or more.

In accordance with this test, we must first determine whether Appellant has diligently pursued the litigation in this case or whether he has delayed matters such that it is incompatible with the "orderly and prompt dispatch of judicial business." *Shrum v. Pennsylvania Electric Co.*, 440 Pa. 383, 269 A.2d 502 (1970). To do this we must examine the entire period in which the case failed to move forward and the docket remained inactive. *See, Streidl v. Community General Hospital*, 529 Pa. 360, 603 A.2d 1011 (1992). Here, the entire period of docket inactivity lasted for only a little more than two months, from the filing of the writ of summons on December 13, 1991, to the filing of the complaint on February 21, 1992. This short period of time has implications not only for determining whether Appellant proceeded with reasonable promptitude, the first arm of the test, but also on whether Appellee could have been prejudiced by the delay.

The trial court focused almost entirely on the reasons given by Appellant for failing to meet the twenty day deadline for filing the complaint, and determined that the reasons given, mere inadvertence or negligence, were not compelling. The trial court did not address Appellant's claim that such a short delay could not have prejudiced Appellee's case and that, therefore, the equities favored the opening of the judgment of non pros.

2. The *Penn Piping* court also provided examples of per se compelling reasons for delay. They include: bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. Other compelling reasons will be determined on a case-by-case basis.

The courts in this Commonwealth have held that an unexcused three year period of inactivity after filing of the initial writ of summons, constituted a long period of dormancy, *Metz Contracting, Inc. v. Riverwood Builders, Inc.*, 360 Pa.Superior Ct. 445, 520 A.2d 891 (1987), *alloc. den.*, 515 Pa. 623, 531 A.2d 431 (1987), and a lack of docket activity for a period of three years combined with complete absence of discovery showed a long term lack of progress and a failure to proceed with a cause of action within a reasonable time. *Moore v. George Heebner, Inc.*, 321 Pa.Superior Ct. 226, 467 A.2d 1336 (1983). It has been held that more than two years of docket inactivity while plaintiffs waited for their medical expert's report was a failure to proceed with reasonable promptitude, *Streidl*, and a three year period without any filings prior to filing the petition for non pros was judged in *Gates v. Servicemaster Commercial Service*, 428 Pa.Superior Ct. 568, 631 A.2d 677 (1993) to demonstrate a lack of due diligence. Given these long periods of delay, a two month period of docket inactivity and a ten day delay in responding to Appellee's rule to file a complaint as occurred here cannot be seen as demonstrating a lack of due diligence in failing to proceed with reasonable promptitude.

More importantly, Appellee failed to meet its burden to show that the delay has had any prejudicial effect, *Pine Township Water Co. v. Felmont Oil Corp.*, 425 Pa.Superior Ct. 473, 625 A.2d 703 (1993); *Pennridge Electric, Inc. v. Souderton Area Joint School Authority*, 419 Pa.Superior Ct. 201, 615 A.2d 95 (1992). It seems highly unlikely that such a short period of delay, approximately two months of docket inactivity and only one day late in filing the complaint, could cause any substantial diminution of Appellee's ability to properly present its case at trial. *American Bank & Trust Co. v. Ritter, Todd and Haayen*, 274 Pa.Superior Ct. 285, 418 A.2d 408 (1980). Furthermore, we cannot rely on the presumption of prejudice which attaches when the period of docket inactivity continues two years or longer, because here the inactivity was for considerably less than that period. *Penn Piping, Streidl.*

As a court sitting in equity, the trial court, in determining whether to open a judgment of non pros, is required to

balance the equities and weigh the hardship or prejudice to the opponents. *Narducci; Buxbaum v. Peguero,* 335 Pa.Superior Ct. 289, 484 A.2d 137 (1984). Our Supreme Court has said:

> It should be remembered that the rules concerning the dismissal of cases in which the docket has been inactive for an extended period of time reflect policy concerns which implicate the interests of both plaintiffs and defendants. On the one hand, if the suit is dismissed because of delay which can be laid at the door of negligent counsel, a plaintiff whose suit is dismissed may be without meaningful remedy, particularly where counsel is uninsured and without sufficient assets. On the other hand, where a plaintiff, without reasonable explanation, has delayed an inordinate time to pursue his action, a defendant may have difficulty defending because of the lapse of time, and we must make note of our cognizance of how anxiety based on apprehension of being sued can affect a defendant ...

*Penn Piping,* 529 Pa. at 354, 603 A.2d at 1008.

Here, because of the short period of delay and because Appellee failed to meet its burden to show that it suffered any prejudice from Appellant's inaction, it must be concluded that the equities weigh heavily in favor of opening the judgment of non pros. Moreover, the final requirement for the entry of a judgment of non pros, the last prong of the *Penn Piping* test, was not met. Therefore, the trial court's refusal to open the judgment must be regarded as an abuse of discretion.

Accordingly, we reverse the order of the trial court denying Appellant's petition to open judgment, and remand the case to the trial court with instructions to enter an order granting Appellant's petition to open the judgment of non pros.

## ORDER

AND NOW, this 7th day of March, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-

captioned matter is hereby reversed and the case is remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.

PELLEGRINI, J., concurs in result only.