**COUNTY OF ERIE, Pennsylvania, Appellant,**

v.

**PEERLESS HEATER COMPANY; Peerless Industries, Inc., A Division of the Eastern Foundry Company, The Eastern Foundry Company; Patrick K. Kennedy, Executor of the Estate of Donald Patrick Kennedy, Individually and t/d/b/a Donald P. Kennedy, P.E., Consulting Engineer; and R.E. North Company Heating and Industrial Piping.**

Commonwealth Court of Pennsylvania.

Argued March 16, 1995.
Decided June 14, 1995.

James R. Fryling, for appellant.

Joseph J. May, for appellee R.E. North Co. Heating and Industrial Piping.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The County of Erie appeals an order of the Court of Common Pleas of Erie County which denied its motion to open a judgement of non pros.

The County instituted a breach of contract action against the R.E. North Company and several other defendants, relating to the design and installation of a steam boiler system installed in the Erie County Courthouse. The suit was commenced by a writ of summons followed by a complaint filed on June 22, 1990. From that time until May 6, 1991, there was docket activity on the case, and some discovery. However, after May 6, 1991, when the County filed answers to interrogatories and document requests, there were no further docket entries until June 17, 1993, when R.E. North filed a motion for entry of judgment of non pros. for the County's failure to pursue the case for two years and forty-two days. The trial court, following the Supreme Court's holding in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), granted the motion of R.E. North, finding that the lapse of more than two years prejudiced the defendants as a matter of law, and that the County had failed to provide a compelling reason for the delay. The County, shortly thereafter, petitioned for removal of the judgment of non pros., which was denied. This appeal followed.

The County argues that the trial court erred in failing to remove the judgment of non pros., because (1) R.E. North failed to prove a want of due diligence, (2) the County provided a compelling reason for the delay,

and (3) the presumption of prejudice does not apply.

■ The entry of a judgment of non pros. and the denial of a motion to remove such a judgment are peculiarly within the discretion of the trial court. *Pilon v. Bally Engineering Structures*, 435 Pa.Superior Ct. 227, 645 A.2d 282 *petition for allowance of appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994). On appeal we will not reverse the trial court unless the law is overridden or misapplied, or the judgment exercised by the court is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Id.*

■ In order to remove a judgment of non pros., (1) the motion to remove judgment must be promptly filed, (2) the delay in moving the case forward must be reasonably explained, and (3) facts must be shown to exist which support a cause of action. *Pine Township Water Co. v. Felmont Oil Corp.*, 425 Pa.Superior Ct. 473, 625 A.2d 703 (1993), *petition for allowance of appeal denied*, 537 Pa. 665, 644 A.2d 1202 (1994). First, there is no question here that the petition to remove the judgment was promptly filed. Second, in order to determine whether or not the delay in moving the case forward is reasonable, we look to the three prong test articulated in *Penn Piping*:

> [whether] (1) a party has shown a lack of due diligence by failing to proceed with reasonably promptitude; (2) there is no compelling reason for delay; and (3) the delay has caused prejudice to the adverse party.

*Id.* at 354, 603 A.2d at 1008. The Supreme Court went on to hold that two years of inactivity prejudices the adverse party as a matter of law. *Id.*

The County argues that the per se determination of prejudice should not be applied. Specifically, the County argues that the period of inactivity must be reduced by the time spent in settlement negotiations, discovery, depositions, etc., even though none of these activities produced docket entries. The County also argues that it presented a compelling reason for its delay in pursuing this case. In February of 1992, the County learned that the estate of Donald P. Kennedy,[1] the party the County viewed as most culpable for its damages, had only $50,000 in assets, far less than the damages alleged. Fearing that the assets of the estate would be further depleted by the costs of defending this action, the County conducted no further discovery.

■ Where a case has been inactive for two years or more, such inactivity must be explained in order to defeat the presumption that the defendant has been prejudiced. *Penn Piping; Pennridge Electric, Inc. v. Souderton Area Joint School Authority*, 419 Pa.Superior Ct. 201, 615 A.2d 95 (1992). Where the plaintiff can provide such "compelling reasons" for the inactivity such as bankruptcy, liquidation or other operation of law, or waiting significant developments in the law, the period of inactivity will be reduced. *Penn Piping*. For example, in *Penn Piping* the period of time which was caused by the plaintiff's involvement in bankruptcy proceedings reduced the six-year delay to four years. However, this delay was still longer than the two-year presumption and the Supreme Court held that the trial court did not abuse its discretion by dismissing the case. *See also Pennridge.*

■ It has been held many times that settlement negotiations, discovery and financial considerations do not present compelling reasons for delay. *Streidl v. Community General Hospital*, 529 Pa. 360, 603 A.2d 1011 (1992) (waiting for the report of an expert); *Dorich v. DiBacco*, 440 Pa.Superior Ct. 581, 656 A.2d 522 (1995) (economic inability to secure expert witnesses); *Blackburn v. Sharlock, Repcheck, Engel and Mahler*, 433 Pa.Superior Ct. 581, 641 A.2d 612, *petition for allowance of appeal denied*, 539 Pa. 673, 652 A.2d 1319 (1994) (settlement negotiations); *Pennridge* (settlement negotiations). Thus, the County's activity in pursing discovery and settlement will not justify the failure to pursue its prosecution of the case.

■ As to the County's second argument, the trial court found that the County's

---

1. Defendant Patrick K. Kennedy, Executor of the Estate of Donald Patrick Kennedy, individually and t/a Donald P. Kennedy, P.E., Consulting Engineer.

strategic decision concerning the Kennedy estate did not provide a compelling reason for the County's delay, and if anything, should have motivated the County to move the case more quickly to trial. It is axiomatic that it is the plaintiff's burden to move a case forward. *Streidl.* The compelling reasons for delay as described by the Supreme Court all involve situations where events beyond the plaintiff's control impede progress. *Dorich; Pennridge.* Here, the County made a decision to follow a particular course of action which resulted in a delay in the resolution of the litigation. Although the depletion of the Kennedy estate was beyond the County's control, the decision to not expeditiously pursue the case was a strategic decision for which the County must take responsibility. Moreover, as the trial court found, several actions could have been taken to protect the County's interests which were not pursued.[2] As the determination of whether an explanation for delay is "compelling" is within the discretion of the trial court, *Rockwood Insurance Co. v. Motor Coils Manufacturing Co.,* 166 Pa.Commonwealth Ct. 495, 646 A.2d 705 (1994), we find that the County did not provide a compelling reason for the two-year delay.

The County finally contends that it did not show a want of due diligence by failing to move the case forward, because the statute of limitations for contract actions (four years) had not expired.

Although some courts in the past have been guided by the applicable statute of limitations in determining whether or not a plaintiff has acted with due diligence, *e.g., Carter v. Amick,* 246 Pa.Superior Ct. 530, 371 A.2d 961 (1977), the recent case of *Gates v. Servicemaster Commercial Service,* 428 Pa.Superior Ct. 568, 631 A.2d 677 (1993), *petition for allowance of appeal denied,* 537 Pa. 610, 641 A.2d 310 (1994), held that the fact that the statute of limitations on the cause of action had not run was not relevant in considering whether a judgment of non pros. was properly entered. The proper inquiry is whether the County has "delayed matters such that it is incompatible with the 'orderly and prompt dispatch of judicial business.'" *Colella v. Philadelphia Housing Authority,* 162 Pa.Commonwealth Ct. 361, 364, 638 A.2d 499, 500 (1994). Where, as here, the plaintiff has caused prejudice to the defendant because of more than two years of inactivity, and failed to provide compelling reasons for the inactivity, the plaintiff has not acted compatibly with the orderly and prompt dispatch of judicial business. *Pennridge.* Therefore, the order of the trial court is affirmed.

### ORDER

NOW, June 14, 1995, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

---

**2.** Specifically the trial court noted that:

The dwindling estate assets should have prompted, not delayed the Plaintiff from moving the case forward toward trial. The Plaintiff could have filed a pre-trial narrative, moved to compel the Defendants to file a certificate of readiness or requested Certification I or II for conference to have the matter placed on a trial list.... The failure to do so vitiates the Plaintiff's assertion that preserving estate funds is a compelling reason for delay since the longer it takes to go to trial or settle, the longer such funds are subject to depletion. Trial Court Opinion, 8/24/1994 at 3.