**Fraker v. Gracey**

C.P. of Fulton County, no. 173 of 1993-DR.

*Lorenzo W. Tijerina,* for plaintiff.
*Dwight C. Harvey,* for defendant.

HERMAN, *J.,* January 16, 1996—On February 10, 1995, defendant Douglas R. Gracey filed a motion to dismiss an appeal by Shelley A. Fraker of a domestic relations order entered on April 25, 1994. On May 17, 1994, a hearing was held. At that time, the court ordered plaintiff to set up a briefing schedule upon receipt of the hearing transcript. On August 16, 1994, the court reporter mailed the transcripts from the May 17 hearing. The court reporter also informed plaintiff's counsel that she was available to take the deposition of Douglas Gracey on September 16 or 23, 1994. Plaintiff's counsel did not contact the court to schedule briefing of the case. On November 15, 1994, defendant's attorney sent plaintiff's attorney a letter asking plaintiff's attorney to contact him to set up a briefing schedule in the case. Plaintiff's attorney did not respond, and defendant filed this motion to dismiss for failure to comply with the court's order. The issue before the court is whether dismissal of plaintiff's appeal is proper.

## DISCUSSION OF FACTS

Plaintiff's counsel urges the court to deny defendant's motion to dismiss because he feels his delay was ex-

cusable. Plaintiff's counsel asserts first that his wife's employment was transferred to Texas, interrupting his schedule. Second, plaintiff's counsel asserts that his receipt of the transcript from the May 17, 1994 hearing was delayed because the court reporter was on maternity leave. Finally, plaintiff's counsel admits that the transcript was misplaced for at least three months, from August 24, 1994 to January 4, 1995, due to a filing error.

Plaintiff's counsel contends that defendant suffered no prejudice from the delay. Under the order of April 25, 1994, which plaintiff is appealing, defendant is paying less child support than plaintiff requests in her appeal to modify. Thus, according to plaintiff's counsel, defendant has, if anything, benefited from the delay.

## DISCUSSION OF LAW

It is within the discretion of the court to grant a non pros for plaintiff's failure to prosecute his action within a reasonable time. *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967). The court may enter a judgment of non pros where the plaintiff has demonstrated a lack of due diligence by failing to proceed with reasonable promptitude, where no compelling reason exists for the delay, and where the delay has caused prejudice to the defendant. *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992) (citing *James Brothers Company v. Union Banking and Trust Co. of Dubois,* 432 Pa. 129, 247 A.2d 587 (1968)).

Although there is no definitive time limit which presumptively violates the duty to proceed with reasonable promptness, Franklin County Judicial Rules are instructive on this point. According to Rule 39-1901.1, the

court may, on its own initiative, dismiss an action for failure to prosecute if no docket entries have been made in a two year period of time. An order terminating the action under Pa.R.J.A. 1901 permits a trial court to rid its docket of stale cases, and after the two year time period it is not necessary to show that the delay has caused prejudice.

In contrast, the court may enter a judgment of non pros only when the delay is unreasonably long, the attorney has no reasonable excuse for the delay *and* the delay has prejudiced the defendant. *Pilon v. Bally Engineering Structures,* 435 Pa. Super. 227, 230, 645 A.2d 282, 283 (1994). Because the delay in this case is under the two-year period which presumptively violates the duty to proceed within a reasonable time, we must examine the other two factors in order to determine whether the motion to dismiss should be granted.

In *Vorhauer v. Miller,* 311 Pa. Super. 395, 457 A.2d 944 (1983), the trial court entered a judgment of non pros one day after the 20 day time limit for filing answers to interrogatories. Counsel offered as an excuse the fact that he was out of the country for 10 days, that upon his return he was required to negotiate and prepare a mortgage and related documents for sale of a 52-unit apartment complex, and that he was distracted by his accumulated correspondence. *Id.* at 402, 457 A.2d at 948. Affirming the trial court, the Superior Court reiterated the trial court's finding that:

"[C]ounsel's excuse amounts to little more than a hectic schedule. This is insufficient to 'reasonably explain' his failure to comply with our order. . . . [C]ounsel gives no reason why he did not ask for an extension of the time period within which he was required to reply. Nor did he notify the defendant of his difficulties." *Id.* at 406, 457 A.2d at 950.

154

The court also noted, however, that plaintiff's counsel had missed other deadlines, had to be compelled by sanctions to meet some deadlines, and had already been granted extensions. *Id.* at 398-99, 457 A.2d at 946.

In *Vorhauer,* the Superior Court found that "[t]the only issue controverted below is whether the default was reasonably explained or excused." *Id.* at 402, 457 A.2d at 948. The court noted "that mere confusion, . . . bald allegations of inadvertence of counsel, . . . mistake or inadvertence of counsel, . . . or demands on the time of counsel, . . . are not patently reasonable excuses . . . ." *Id.* at 404, 457 A.2d at 949. (citations omitted) Discussing the reasonableness of the attorney's excuse, the court noted that the Pennsylvania Supreme Court has "held that although . . . counsel may be involved in other matters, the existence of these obligations provides no excuse for opening the judgment *even though the client may be severely prejudiced." Id.* at 405, 457 A.2d at 949 (citing *Walters v. Harleysville Mutual Casualty Co.,* 417 Pa. 438, 207 A.2d 852 (1965)). (emphasis in original) Thus, the court is concerned only with the prejudice caused to the defendant by the delay and not with prejudice to the plaintiff if plaintiff's action is dismissed.

Prejudice to the adverse party may be either objective or implied. An objective delay is one which puts the defendant in a position where he is unable to adequately defend on the claims. In *American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen,* 274 Pa. Super. 285, 289, 418 A.2d 408, 410 (1980), the court found that prejudice to the defendant "includes any substantial diminution of defendants' ability to present factual information in the event of trial which has been brought about by plaintiff's delay." In *American Bank,* the action was commenced on January 15, 1973.

A complaint was filed on June 10, 1974. Answers were filed, interrogatories sent, and depositions taken until July 29, 1975. On June 6, 1977, the prothonotary informed plaintiff that the case would be dismissed if not restored to active status. On June 29, 1977, plaintiff petitioned to restore the case to active status. On March 13, 1978, defendant petitioned for judgment of non pros as no further action had taken place on the case. On September 26, 1978, following argument, petition for non pros was granted. The court determined that the three year delay from the time the complaint was filed prevented defendant from recalling the details of numerous transactions at issue, and thus prejudiced defendant.

Delay may also create an implicit prejudice to the defendant. In *Shrum v. Pennsylvania Electric Co.,* 440 Pa. 383, 269 A.2d 502 (1970), the court held that a lapse of time may in itself be presumptively prejudicial. In *Shrum,* the plaintiff delayed seven years before asking for argument in the case. The court noted that "[s]uch a lapse of time is presumptively prejudicial to all parties even without any specific showing of prejudice on the record. . . ." *Id.* at 386, 269 A.2d at 504. In *Penn Piping, supra* at 356, 603 A.2d at 1009, where the delay was six years, the court held that a "delay . . . of two years or more will be [deemed presumptively] prejudicial" and no specific showing of prejudice is required.

Applying the law to the facts of this case, we find that plaintiff's counsel should have contacted the court to set up a briefing schedule within a reasonable time after the court reporter mailed the transcript in late August. Allowing for delivery time, counsel should have received the transcript no later than early September 1994. Briefing schedules are determined by the date

available for argument, the first Thursday of every month. Argument must be scheduled four weeks in advance. At the latest, plaintiff could have scheduled argument in the case for the first Thursday of November 1994, with a corresponding briefing schedule.

Defendant's counsel communicated with plaintiff's counsel on November 15, 1994, to urge him to set up a briefing schedule. By this time, the earliest date possible to schedule argument was January 1995. However, plaintiff's counsel did not contact the court after the November 15 communication. On February 10, 1995, defendant filed the motion to dismiss.

The delay in this case must be calculated from the time plaintiff's counsel received the transcript, in September 1994. Argument could have been heard in November 1994. Plaintiff's counsel was apparently willing to assent to a delay until January 1995, a period of two months after the earliest possible date argument could have been set.

We do not wish to penalize defendant's counsel for his good faith effort to resolve this issue by contacting plaintiff's counsel in November. However, had the motion to dismiss not been filed in February, argument could have been scheduled for March 1995, a five month delay. This period of delay, although it concerns the court, cannot be considered presumptively prejudicial under Franklin County's rule, the state rule, or the Superior Court's holding in *Penn Piping, supra* at 356, 603 A.2d at 1009. We also cannot say that the delay is objectively prejudicial to defendant, as plaintiff is appealing the order to increase defendant's child support obligation based on his income from real estate transactions which have already been documented. In other words, defendant's memory about the transactions is not required because they are documented in bank and real estate documents.

This decision in no way reflects a favorable view upon the conduct of plaintiff's counsel in this case. Nothing prevented counsel from requesting an extension from the court, or turning his cases over to an assistant when he learned of his wife's transfer. Counsel's failure to comply with our order because he was moving to Texas, and later misplaced the transcript is inexcusable, and a disservice to his client.

Because we cannot find the two-to five-month delay unreasonable, either by its length or because it has prejudiced defendant, we turn to the merits of plaintiff's appeal.

The subjects of the support order are the three natural children of plaintiff and defendant. Ryan Gracey was born September 22, 1981, Aaron Gracey was born July 25, 1984 and Brandon Gracey was born April 29, 1986. Support was set at $300 per week ($1,200 per month) on November 23, 1993, and modified on January 24, 1994, at defendant's request, to $520 per month. The April 25, 1994 support order, which is the subject of this appeal, requires defendant to pay $631.50 per month.

Records show that defendant has a history of falling behind on support payments. When the January 24, 1994 order was signed, defendant had arrears of $1,521.50. When the April 25, 1994 order was signed, defendant had arrears of $1,656. By July 25, 1994, defendant was in arrears in the amount of $2,288 and was ordered to appear before the court for a contempt hearing. Defendant was before the court again in early 1995, and the court entered a February 14, 1995 order requiring defendant to pay support for February and March plus $75 per month towards back arrears. Another contempt hearing was scheduled for June 6, 1995, which was continued on the condition that defendant pay his

current month's support payment plus $30 per month toward the arrears amount and a $1,000 lump sum toward the arrears amount.

After review of the record and the briefs submitted by counsel in this case, the court agrees with plaintiff that the defendant did fail to provide information concerning his income and assets to the domestic relations hearing officer. However, in view of the delay in the disposition of this case, caused for the most part by counsel for the plaintiff, the court declines to make any adjustments to the amount of support at this time. The court will direct that this matter be returned to the domestic relations section for a full review of the income and assets which should have been provided at the previous conference and to further update the defendant's financial situation since the time of the hearing in this matter on May 17, 1994. Based on all of the information, the domestic relations section will determine whether adjustments should be made in the current amount of support.

For the reasons stated herein an appropriate order of court will be entered as part of this opinion.

## ORDER

Now January 16, 1996, the defendant's motion to dismiss is denied and plaintiff's request for consideration of additional assets and income of the defendant is granted and the domestic relations section is directed to schedule an office conference at which time defendant is directed to provide any and all information regarding income and assets including but not limited to those matters that were testified to at the May 17, 1994, hearing and information produced at that time through exhibits. The domestic relations section shall make whatever adjustments deemed necessary in light of this additional information and the defendant's current financial situation.