**Emert v. Farrah**

C.P. of Crawford County, no. 1993-1174 A.D.

*Charles E. Evans* and *Mark E. Milsop,* for plaintiffs.
*Thomas M. Lent,* for defendant Farrah.
*Giles J. Gaca* and *Eric G. Soller,* for defendants Smart, McLamb, Orthopedic Associates and Watson.
*Ronald M. Puntil Jr.,* for defendant Sunby.
*Terry C. Cavanaugh* and *Dorothy A. Davis,* for defendants Bedwell and Northwest PA Surgical Associates.
*John M. Quinn Jr.* and *Jennifer L. Johnston,* for defendant Meadville Medical Center.

VARDARO, *J.,* August 20, 1996—The plaintiffs seek to recover for the alleged negligent medical treatment performed on husband plaintiff at Meadville Medical Center in July and August of 1991.[1] In July of 1993 the plaintiffs initiated this action in the Allegheny County Court of Common Pleas by filing a praecipe

---

1. Because of the nature of the motions before this court, we will focus our factual summary on the procedural history of this case and not on the facts of the underlying cause of action.

for writ of summons. Pursuant to preliminary objections by the defendants, the Allegheny County Court ordered the transfer of this case to Crawford County. Between April 1, 1994 and April 24, 1996 the only docket entries by the plaintiffs are two certifications proving their compliance with this court's order of November 30, 1994, compelling the plaintiffs to answer interrogatories and requests for production of documents. For failure to prosecute this case in a timely manner, all defendants file motions for a judgment of non pros.

## DISCUSSION

All parties agree that the outcome of these motions is controlled by *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The Pennsylvania Supreme Court in *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992), summarized the *Penn Piping* three part conjunctive test as follows:

"There [the Pennsylvania Supreme Court] held that in order for a court to dismiss an action for lack of activity on the docket, it must be shown that (1) a party has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party, which will be presumed in all cases in which the delay is two years or longer. In cases where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was delayed awaiting significant developments in the law, there will be a per se determination that a compelling reason for the delay has occurred. Other compelling reasons may be determined on a case-by-case basis." *Id.* at 363, 603 A.2d at 1012.

Examining the case as a whole, we find that the plaintiffs have shown want of due diligence in failing to proceed with reasonable promptitude. Since this case was transferred to Crawford County, the plaintiffs have only moved this case by order of this court on motion of the defendants. The plaintiffs have not aggressively pursued this litigation. We find the first prong of the *Penn Piping* test to be satisfied.

Next, the plaintiffs, in their brief in opposition to defendants' motions for judgment of non pros, have failed to argue that they have a compelling reason for their delay in prosecution. Nor does this court, examining the case as a whole, find one on our own. The determination of whether a compelling reason exists for a delay is committed to the discretion of the trial court. *Rockwood Insurance Co. v. Motor Coils Manufacturing Co.*, 166 Pa. Commw. 495, 646 A.2d 705 (1994). Further, "[t]he compelling reasons for delay as described by the Supreme Court [in *Penn Piping*] all involve situations where events beyond the plaintiff's control impede progress." *County of Erie v. Peerless Heater Co.*, 660 A.2d 238, 241 (Pa. Commw. 1995). As we find no reasons for the delay beyond the control of the plaintiffs, we hold the second prong of the *Penn Piping* test to be satisfied.

Thus, should the prejudice element of the *Penn Piping* test be met, the plaintiffs would suffer a judgment of non pros. From a plain reading of *Penn Piping, supra,* it is apparent that there are at least two ways for the defendants to prove prejudice. The defendants may prove actual prejudice or prejudice with the benefit of the two-year presumption.

While even a brief delay may arguably impede a party, not every impediment will qualify as prejudicial. For an impediment to be prejudicial, the diminution

of a party's ability to properly present its case must be substantial, and general allegations of prejudice are not sufficient. *Biondillo v. PennDOT,* 674 A.2d 1175 (Pa. Commw. 1996). Reading the defendants' briefs, we find only general allegations of prejudice and no specific obstacles to the presenting of their case. Accordingly, we find the defendants to have not suffered actual prejudice.

Thus, the primary issue now becomes whether the defendants may prove prejudice with the aid of the two-year presumption. Therefore, this court must decide whether the presumption of prejudice does apply. The activity to be considered in commencing the two-year period is activity on, and not outside of, the docket. As we have indicated, the only docket entries in excess of the two-year period from April 1, 1994 to April 24, 1996 are the two certifications filed by the plaintiffs proving their compliance with this court's order of November 30, 1994, compelling the plaintiffs to answer interrogatories and requests for production.

The Superior Court in *Pine Township Water Co. v. Feldmont Oil Corp.,* 425 Pa. Super. 473, 625 A.2d 703 (1993), *appeal denied,* 537 Pa. 665, 644 A.2d 1202 (1994) held that not all docket activity necessarily precludes the presumption of prejudice during a two-year or greater period review of the docket. Specifically, the court held that for docket activity to be of consequence, it must be "substantive in nature" or "exemplary of the type of positive docket activity" which was contemplated by the Supreme Court in *Penn Piping, supra.*

Factually, in *Pine Township Water Co., supra,* the Superior Court adopted the trial court's statement of facts which were as follows:

"The facts of this case indicate that on June 27, 1979, plaintiff filed a praecipe for writ of summons in trespass, followed by a complaint against defendants on February 2, 1982. Prior to plaintiff's filing praecipe to remove case from termination list on December 24, 1990, the last docket activity of any kind on this matter occurred when plaintiff, on June 6, 1988, filed the deposition of James F. Cawley C.P.A. Thus, prior to the plaintiff's December of 1990 praecipe, the last activity to occur in this matter happened when plaintiff filed the deposition of June 6, 1988." *Id.* at 477-78, 625 A.2d at 705-706.

The Superior Court found in that case that the plaintiff's filing of the praecipe to remove case from termination list on December 24, 1990 "was neither substantive in nature nor exemplary of the type of positive docket activity contemplated by this court in *Penn Piping." Id.* at 478, 625 A.2d at 706.

The activity that appears on the docket in the case now before us, *i.e.,* a certification on December 6, 1994 and another on December 29, 1994, to comply with our order of November 30, 1994, does reflect activity which we consider to be positive to moving this litigation to a conclusion. Specifically, both of those certifications indicated that in compliance with our November 30, 1994 order, outstanding discovery requests of defendants had been complied with by the plaintiffs.[2]

---

2. Plaintiffs' December 6, 1994 certification reads, in its entirety:

"I hereby certify that on December 6, 1994, true and correct copies of interrogatories of defendant Bedwell and Northwest PA Surgical Associates directed to the plaintiffs, containing plaintiffs' verified answers thereto, were served on counsel of record for the defendants via mail, together with true and correct copies of plaintiffs'

The fact that those answers and responses were filed, helped to move this litigation forward. While it is true that docket activity was brought about by the actions of the defendants in obtaining a court order to compel a response by the plaintiffs rather than through any exercise of due diligence on the part of the plaintiffs, nonetheless as we have indicated it did move this litigation toward a conclusion.[3] Unlike the docket activity in *Pine Township Water Co., supra,* in the nature of the praecipe to remove the case from the termination list which did nothing to positively move the case toward a conclusion, the two certifications filed by the plaintiffs in this case in December of 1992 evidenced that they had in fact done something to move this case forward in a positive way.

Therefore, we find that as of December 29, 1994, a new two-year period commenced and therefore there is not a presumption of prejudice, and the defendants have failed to meet the third prong of the *Penn Piping* test.

Accordingly, we will enter the following order:

## ORDER

And now, August 20, 1996, all motions by the defendants for judgments of non pros are denied.

---

response to requests for production of documents of defendant Bedwell and Northwest PA Surgical Associates. /s/ Charles Evans"

The December 29, 1994, certification is substantially the same.

3. We note that the plaintiffs could only file the certifications they did in December of 1994 since Pa.R.C.P. 4002.1, effective January 1, 1989, precluded the filing of the actual discovery material.