### Rodziak v. Stevens

C.P. of Montgomery County, no. 88-05281.

*Taras M. Wochok,* for appellants.
*Joseph M. McGrory Jr.,* and *Lewis A. Grafman,* for appellees.

CARPENTER, *J.,* August 21, 1996—

FACTS AND PROCEDURAL HISTORY

The appellants, Frank and Mary Jane Rodziak, appeal this court's August 15, 1996 order denying appellants' petition to open judgment non pros.

On April 14, 1988, the appellants filed a complaint against the appellees arising from the purchase of a residence from the Delligatti defendants. Defendant Stevens-Korkus Inc. acted as the appellants' agent/broker with regard to the purchase of the new residence and the sale of their previous home. The pleadings closed on October 26, 1988 after several preliminary objections and amended complaints. In November of 1988, the Delligattis served discovery on appellants. Other than filing an active status certification, appellants took no action until December 8, 1993, more than five years later, at which time they filed a certificate of service with response to the discovery request. Since then, appellees took the depositions of the appellants on May 17, 1994. Appellants, however, did not initiate

any docket activity whatsoever. Both the Delligattis and Stevens-Korkus filed petitions to dismiss, and this court granted judgment non pros by order dated August 15, 1995. On July 24, 1996, we denied appellants' petition to open judgment non pros. The instant appeal followed.

## ISSUE

I. *Whether This Court Properly Denied Appellant's Petition To Open Judgment Non Pros?*

## DISCUSSION

Appellants claim that this court erred in retroactively applying *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) because it violates appellants' due process rights under the Fourteenth Amendment of the Constitution and Article I, Section 1 of the Pennsylvania Constitution. Further, they contend that had this court applied the law in effect at the time of the filing of suit, we would have opened the non pros because appellees were not prejudiced by the delay. This argument borders on frivolous.

Initially, we note that our Supreme Court has stated:

"A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." *Narducci v. Mason's Discount Store,* 518 Pa. 94, 98, 541 A.2d 323, 325 (1988).

The three factors which must be satisfied to open a non pros judgment are: "(1) the petition to open must be promptly filed; (2) the default for delay must

be reasonably explained; and (3) facts must be shown to exist which support a cause of action." *Rockwood Insurance Co. v. Piper,* 440 Pa. Super. 557, 560, 656 A.2d 510, 512 (1995); *Pine Township Water Co. Inc. v. Felmont Oil Corp.,* 425 Pa. Super. 473, 478, 625 A.2d 703, 705 (1993), *alloc. denied,* 537 Pa. 665, 644 A.2d 1202 (1994). There is no question that the petition was timely filed within 30 days of the order of non pros. However, we declined to open the judgment of non pros because the delay was not reasonably explained by appellant.

In determining whether a delay in the docket activity has been reasonably explained, courts look to the three prong test as articulated in *Penn Piping:*

"[whether] (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for delay; and (3) the delay has caused prejudice to the adverse party." *County of Erie v. Peerless Heater Co.,* 660 A.2d 238, 240 (Pa. Commw. 1995) (citing *Penn Piping Inc. v. Insurance Company of North America, supra* at 354, 603 A.2d at 1008).

Where the delay in the docket activity spans two or more years, the delay is presumed to be prejudicial to the adverse party as a matter of law. *Penn Piping, supra* at 356, 603 A.2d at 1009. In the case sub judice, there was no docket activity by appellants for more than five years.

In *County of Erie,* the Commonwealth Court, discussing compelling reasons for delay, stated as follows:

"Where the plaintiff can provide such 'compelling reasons' for the inactivity such as bankruptcy, liquidation or other operation of law, or waiting significant developments in the law, the period of inactivity will be reduced. . . . It has been held many times that set-

tlement negotiations, discovery and financial consid-
erations do not present compelling reasons for delay."
*Id.,* 660 A.2d at 240.

Thus, appellants' claim that they were attempting
to reach a settlement is not a compelling reason for
the delay. See *Blackburn v. Sharlock, Repcheck, Engel
and Mahler,* 433 Pa. Super. 581, 585, 641 A.2d 612,
614 (1994), *alloc. denied,* 539 Pa. 673, 652 A.2d 1319
(1994) (stating that claim of ongoing negotiations does
not excuse delay). Appellant has not attempted to argue
that it was. Nor has appellant argued that appellees
have engaged in any subterfuge or chicanery such that
they come before the court with unclean hands.[1] Instead,
appellant urged this court to cast off case law and find
contra *Penn Piping* that the delay was not presumptively
prejudicial and that appellees were not prejudiced by
the substantial delay. This we will not do.

Appellant argued that *Penn Piping* should not be
retroactively applied because it would offend the due
process clause of the Fourteenth Amendment and Article
I, Section 1 of the Pennsylvania Constitution. In support
of this tenuous argument, appellant cited two cases
which involved the retroactive application of a leg-
islative act affecting borough review fees and a provision
of the Divorce Code. See *J.R.W. Inc. v. Manchester
Borough Council,* 148 Pa. Commw. 238, 610 A.2d 1078
(1992); *Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d
987 (1983). While these cases might prove instructive

---

1. The Superior Court has reversed a non pros where the defendants
misled the plaintiffs into believing they wished to negotiate a set-
tlement. *Mudd v. Nosker Lumber Inc.,* 443 Pa. Super. 483, 492, 662
A.2d 660, 664 (1995). See also, *Biondillo v. PennDOT,* 674 A.2d
1175 (Pa. Commw. 1996) (reversing judgment non pros where DOT
filed motion for continuance so that they had additional time to
draft non pros motion).

as to retroactivity of statutes, they simply have no application to this case. *Penn Piping* is case law.

Moreover, appellant's argument was already raised and dismissed by the Superior Court in *Blackburn, supra.* The court stated:

"In *Penn,* there was an unexplained delay of four years. The Supreme Court held that where delay is two years or more, prejudice need not be established by the moving party and a court does not abuse its discretion if it enters a non pros. This is in keeping with the court's policy, as expressed in Pa.R.J.A. 1901 which permits local courts to establish procedures for the automatic dismissal of cases where there has been no docket activity for two years. Since the ruling in *Penn Piping* was applied to the case in which it was announced and not limited to prospective application, the distinguished trial judge, Edwin J. Snyder, was correct in applying that precedent to a case pending." *Id.* at 585, 641 A.2d at 614.

We agree with the result reached in *Blackburn.* In addition, we note that *Penn Piping* did not mark a radical departure from existing law. The Supreme Court set forth the three prong test for non pros in *James Brothers Lumber Company v. Union Banking and Trust Company of Dubois,* 432 Pa. 129, 247 A.2d 587 (1968). *Penn Piping* merely extended non pros jurisprudence to include a time frame from which we can presume delay is prejudicial. In any event, we question whether there is in fact any retroactive element in the instant case. While the complaint was filed in 1988, the appellees moved for judgment non pros in 1995, three years after *Penn Piping* was decided.

Even if we did not presume prejudice from the five year delay in this case, we would find it. It is the plaintiff's burden to move a case forward. *County of*

118

*Erie, supra,* 660 A.2d at 241. In determining whether the plaintiff has acted with due diligence, we must consider whether the delay is such that it is incompatible with the "orderly and prompt dispatch of judicial business." *Colella v. Philadelphia Housing Authority,* 162 Pa. Commw. 361, 364, 638 A.2d 499, 500 (1994). Where, as here, the appellant has prejudiced the appellees by a more than five year period of docket inactivity and has not provided a compelling reason for the delay, the appellant has not acted compatibly with the orderly and prompt dispatch of judicial business. *County of Erie, supra,* 660 A.2d at 241. Thus, we properly denied the appellant's petition to open judgment of non pros.

### CONCLUSION

Based on the foregoing analysis, this court's order of August 15, 1996 should be affirmed.